It is claimed that the plaintiff, when the contract of insurance was made, had no insurable interest in the barn. He was, at that time, in possession of the land on which it stood, but his wife had the legal title. She acquired it by deed from one Jencks, dated November 25, 1868, to *Page 356 
whom, on the same day, the plaintiff had conveyed the land without consideration, with the intent that he should immediately thereafter convey it to the wife. The real transaction was a conveyance of the land from the husband to her, and the deed to Jencks was interposed for the reason that the disability of coverture was an obstacle to a direct conveyance.
It is found by the referee, that at the time the plaintiff's deed was executed, it was verbally agreed, between him and his wife, that after she should acquire the legal title to the land, she would give him a life estate therein, and convey it by a proper instrument of conveyance, and there was no other consideration for the deed to her. No conveyance had been executed by the wife to the husband at the time the insurance was effected, but he had remained in the occupation of the farm and cultivated it on his own account as he had before the conveyance to the wife, and the proceeds had been used for the support of his family. The evidence justifies the finding of the referee, as to the parol agreement made, and the intention of the husband, as disclosed by the agreement, was to vest in the wife a remainder dependent upon a precedent estate for life in him, for this would have been the legal effect of the transaction, if the parol agreement had been fully executed. The fact that this intention was not effected by a conveyance of a remainder in the first instance, would be relevant to the inquiry whether the alleged agreement was made. But the agreement having been found upon sufficient evidence, its existence is to be assumed in determining whether the husband had an insurable interest in the property when the policy was issued.
The case then is this: The owner of land, agrees by parol, to convey it to another in fee, upon the verbal promise of the person to whom the conveyance is to be made, on receiving it to give back a conveyance to the grantor, of a life estate in the same premises. The agreement on the part of the owner, is executed by a conveyance in pursuance of the agreement. The grantee neglects or omits to convey the life estate according to the agreement, and the grantor remains in possession. *Page 357 
Will a court of equity enforce the performance, by the grantee, of the parol agreement, or restrain the grantee from proceeding upon his legal title to acquire the possession as against the grantor? If the plaintiff had an equitable right to the possession of the land under the agreement with his wife, at the time the contract of insurance was made, which a court of equity would protect and enforce, then it cannot be doubted that he had an insurable interest in the property, (Kirby v. Sisson, 1 Wend., 83; Tyler v. The Ætna Fire Ins. Co., 12 id., 507; 2 Am. Ldg. Cas., 809, and cases cited.)
The statute of frauds is supposed to furnish an answer to the assertion by the husband of a right to the possession under the parol agreement. But part performance of contracts, in respect to lands, within the statute, supplies in the view of courts of equity, the lack of a written agreement, where otherwise one party would be enabled to commit a fraud upon another; and this case is within the principle of the case referred to by Lord HARDWICKE, in Young v. Peachy (2 Atk., 257), where a man intended to make a mortgage of his estate by two different deeds, the one an absolute one, and the other a defeasance upon payment of the mortgage money; he executed the absolute conveyance, but when he had done so, the other party refused to execute the defeasance, but the court, Lord HARDWICKE said, without any difficulty decreed him to do it. And in Caldwell v.Carrington (9 Pet., 86) the court enforced a parol contract for the exchange of lands, where one party had executed the contract, and no conveyance had been made by the other. See also Ryan v.Dox (34 N.Y., 307). The agreement in this case, contemplated a conveyance by the wife of the life estate to the husband. His rights were not to be left in parol, and the arrangement was not subject to the objection which applies to an attempt to create a parol and secret trust in favor of a grantor. We are of opinion that the plaintiff had an insurable interest in the barn, and it does not appear that the injury to his life estate did not equal the sum for which the property was insured. *Page 358 
In the conditions of insurance it is provided, that if the insured property be held in trust, or be a leasehold or other interest not absolute, it must be so represented to the company, and it is claimed that as the plaintiff had a life estate only at the time of the insurance, which was not referred to in the application, he cannot recover. No reference to this condition was made in the pleadings, or on the trial or in the report of the referee, and the point cannot now be taken by the defendant. If the question had been raised on the trial, we cannot say that a waiver or discharge of the condition might not have been shown, and it is not raised by the general exception to the finding that the plaintiff was entitled to recover.
The only remaining question relates to the effect to be given to the instrument signed by the plaintiff, and taken by the defendant's agent on the payment of $400, for the loss by the destruction of the produce of the plaintiff in the barn, and which was specially insured for that sum. By that writing the plaintiff declares that he accepts the $400, as full satisfaction for the loss sustained on the policy "canceling $1,500 on said policy." The aggregate of the insurance was $1,500, of which $500 was on the dwelling-house, $600 on the barn, and $400 on the produce therein. The referee finds that the liability of the defendant for the $400 was not disputed, and the sum paid was paid for the insurance on the produce. There was no technical release, and the payment of this sum for a distinct loss formed no consideration for the discharge of the liability of the defendant in respect to the insurance on the barn, and the want of consideration for the discharge of that liability was a good answer to the claim that it was covered by the terms of the receipt. (Ryan v. Ward, 48 N.Y., 204, and cases cited.)
The judgment should be affirmed with costs.
All concur.
Judgment affirmed. *Page 359