RANDALL B. CLARK vs. DWELLING-HOUSE INSURANCE CO.

Washington. Opinion March 12, 1889.

*Insurance. Insurable interest. Husband and wife. R. S., c. 49, § 20, c. 61, §§ 1 and 2.*

By the laws of this state, a husband has no insurable interest in the wife's property, conveyed to her by him.

Where a husband took out a policy of fire insurance, upon his wife's property, payable in case of loss to himself, *Held*, that he has no valid claim to reimbursement because he can suffer no pecuniary loss, by the destruction of the property.

Public policy forbids wagering on the property of others, in which the party has no interest.

ON REPORT. Action of assumpsit, upon a policy of fire insurance. The case was submitted, after the evidence was taken out, to the full court for decision upon the legally admissible evidence. The court were to determine the law and the facts, and render judgment. The opinion states the case.

*E. B. Harvey*, for plaintiff.

Plaintiff was owner, and had an insurable interest. Deed to wife, intended as testamentary provision for wife, was not delivered. She had no knowledge of it. *McGraw* v. *McGraw*, 79 Maine, 257, 259; *Maynard* v. *Maynard*, 10 Mass. 456; *Stoney* v. *Winterhalter*, (Pa. St.) 11 Atlantic Rep. 611. It was an ineffectual attempt to convey, and not an alienation.

Plaintiff's mistake was one of law. Defect of legal knowledge does not work an estoppel to bar rights acquired by mistake, without fraud or deception. *Gwynn* v. *Gwynn*, (So. Car.) 4 S. E. Rep. 229. Deed to wife and collection by her of other policies, *res inter alios*. Rights to be determined according to actual state of title. *Bryan* v. *Traders Ins. Co.*, 145 Mass. 389; *Bank* v. *So. Cong. Soc.*, 127 Id. 516; *Lindley* v. *Ins. Co.*, 65 Maine, 368.

Husband's possibility of dower, an insurable interest, sufficient to support policy.

Time for proof of loss not fixed by statute, or policy. Such

defects waived, no call being made for corrections, &c.    *Walker* v. *Ins. Co.*, 56 Maine, 371; *Bailey* v. *Ins. Co.*, Id. 474; *Bartlett* v. *Ins. Co.*, 46 Id. 500.    Statute provisions may be waived as well as those in policy.    *Fox* v. *Ins. Co.*, 53 Maine, 107, 109; *Lewis* v. *Ins. Co.*, 52 Id. 492; *Caston* v. *Ins. Co.*, 54 Id. 170.

*D. C. Robinson*, defendant.

Any recovery based on plaintiff's possible interest by way of survivorship, limited to its value.    Burden on him to show what that is.    Wood's Mayne Dam. §§ 437, 507; Bailey's Onus Prob. p. 129.

Deed to wife: Property, since, treated as hers.    Issued two other policies to her while he was insurance agent.    Under this policy, makes a proof of loss and swears she is owner.    *McGraw* v. *McGraw*, held no title passed; not to be an advancement to wife, but to defraud state of penalties.    Delivery of deed proved by subsequent conduct.    *Gould* v. *Day*, 94 U. S. 405.

Proof of loss, not according to R. S., c. 49, § 21.    His interest not stated; not sworn to before disinterested magistrate; and not furnished within reasonable time.

Onus with assured to show, if preliminary proofs of loss are required, substantial and timely compliance, or waiver by insurer. Bailey's Onus Prob. p. 131; Wood's F. Ins. § 422, *et seq;* Abb. Tr. Ev. 489; 2 Phillip's Ins., c. 22; *Edgerly* v. *Ins. Co.*, 43 Iowa, 587; *Blossom* v. *Ins. Co.*, 64 N. Y. 162; *Ins. Co.* v. *Kranick*, 36 Mich. 289; *Home Ins. Co.* v. *Duke*, 43 Ind. 418; *Oceana Co.* v. *Francis*, 2 Wend. 64; *Birmingham* v. *Ins. Co.*, 67 Barb. 595.

EMERY, J.    This is an action at law, on a written policy of insurance dated Nov. 14, 1883, in which the defendant company, in consideration of the premium paid, promised to insure the plaintiff against loss or damage by fire or lightning on his house and ell, which were afterwards burned within the time of the policy.    To recover in this action, the plaintiff must prove that at the time of the insurance, and at the time of the fire, he had an insurable interest in the buildings.    The contract of fire or marine insurance is one of indemnity only.    If the holder of such an insurance policy suffers no pecuniary loss by the destruction

of the property, he has no valid claim to pecuniary reimbursement. Public policy forbids any wagering on the property of others in which the party has no interest. Davis, J., in *Insurance Co.* v. *Chase,* 5 Wall. 509, 512; *Folsom* v. *Insurance Co.,* 38 Maine, 414; *Sawyer* v. *Mayhew,* 51 Maine, 398. This requirement of the law of insurance, has not been lessened by any statute. R. S., ch. 49, § 20.

To show his interest in the property, the plaintiff produced a deed of conveyance to himself from the former owners. The defendant then put in evidence an office copy of a deed of conveyance of the same property, from the plaintiff to Mary J. Clark his wife, dated April 16, 1874, and duly executed and recorded. The plaintiff contends that this deed was never intended to be delivered, and so testified. The defendant adduced evidence tending to show a delivery. The question is one of fact.

At the time of the deed to his wife, the plaintiff made on his own deed this memorandum: "This property was conveyed by deed to M. J. Clark, wife of the said Randall J. Clark, April 16, 1874." He procured the building, to be twice insured in his wife's name. He intended to have this policy written in her name. After the fire, he advised her to make on the two proofs of loss, on her policies, affidavits before him as magistrate, that she alone owned the buildings and that no one else had any interest in them. In making the proof of loss on this policy, the plaintiff himself deliberately made oath that the property belonged to Mary J. Clark, and that no other person had any interest therein. These acts done by the plaintiff, before any litigation arose, are directly opposed to his present claim that he never intended to convey the property to his wife. They outweigh his testimony given after the suit was begun, and to meet a troublesome defense set up. He does not offer the testimony of his wife, nor account for its absence. We find that at the time of the insurance and at the time of the fire, the property belonged to the wife, under her deed.

The next question is one of law. Has a husband, under the laws of this state, an insurable interest in property which he has conveyed in fee simple to his wife, as late as the year 1874?

Our statutes seem to have removed the last vestige of the common law marital rights of a husband in the real estate of his wife, however she may have acquired it. His only rights now in real estate he conveys to his wife, are a naked veto of a conveyance by her in fee, and a possibility of taking by descent from her, at her decease, depending on his survivorship, and her solvency. Her creditors have more right than he in such estate. She may manage the property without the joinder or assent of her husband. R. S., ch. 61, § 1. She may make him her agent, or not, as she chooses. Id. § 2. The law gives the wife the entire control over such property in every respect (except the power of conveyance in fee) and even, if it be a homestead, he can occupy it only by her consent. It is subject to be taken by her creditors. *Virgie* v. *Stetson*, 77 Maine, 520. A married woman is not limited in the management of her property however obtained. She may control its income. She may lease it without her husband's assent, and her lessee may expel him from the possession. *Perkins* v. *Morse*, 78 Maine, 17. During her lifetime he has no interest, not even a right of occupancy. If he survives her, and her estate is solvent, he acquires by these events a new interest and by way of descent only. R. S., ch. 103, § 14.

He would be no more affected by the burning of her house, than he would by the burning of any house which he was merely occupying rent free, or which he might possibly inherit. It has never been held, as far as we know, that a son has an insurable interest in the property of his father, which he had only a chance of inheriting. Nor has it been held, to our knowledge, that a mere occupier, without any estate, or claim of right has an insurable interest. The burning of this house undoubtedly subjects the plaintiff to inconvenience, and perhaps to the expense of providing another home. So would he, had he been living rent free and at sufferance in the house of his father, or brother, or son, in which he had no estate. While he may be affectionately concerned about his wife's property, we do not see that he has any pecuniary interest in it, legal, equitable, or even ponderable, or which the courts can measure, or which he can insure under our law.

We have examined the judicial decisions in other states, holding that a husband has an insurable interest in his wife's property, and we think it will be found in all of them that the husband had by the law some fixed cognizable estate, or interest, in his wife's property, which the wife could not divest. A loss of the property by fire was, in such case, a direct pecuniary loss to the husband.

The possible estate the husband may acquire by descent after the death of his wife, if he survives her, and she be solvent, has no existence before her death. Before her death he has no estate, but only a chance of acquiring one. The wife's right of dower exists in her husband's lifetime, though it is then inchoate; but we know of no case where a wife has attempted to insure such a right.

The evidence in this case suggests the theory that the intention was to insure the wife's interest, and that the insurance agent, by mistake, wrote the policy in the name of the husband. It is urged that the company have received the premium, and should not profit by their agent's blunder. If it be true that by reason of mistake, the policy does not truly express the real contract, and the wife was the person intended, she may perhaps by proper proceedings in equity, have the policy reformed and enforced according to the true intent of the parties, and the equities of the case. In bringing this action at law on the policy as it reads, the plaintiff under the rules of law assumed the burden of showing an insurable interest in himself, which he has not done.

*Plaintiff nonsuit.*

PETERS, C. J., DANFORTH, LIBBEY, FOSTER and HASKELL, JJ., concurred.