HORSCH, Respondent, vs. THE DWELLING HOUSE INSURANCE COMPANY, Appellant.

*April 29 — May 20, 1890.*

*Insurance against fire: Insurable interest.*

A married man purchased a farm and buildings, paying therefor with his own money. By his direction the deed was made to his wife, there being an understanding between them that she would convey to him on request. He made improvements, and had possession and the entire beneficial use of the farm and buildings, cultivating the farm at his own expense, and using the proceeds in the support of his family. All the personal property on the farm belonged to him. *Held*, that he had an insurable interest in the buildings.

APPEAL from the Circuit Court for *Brown* County.

The facts are stated in the opinion.

For the appellant there was a brief by *Vroman & Sale*, and oral argument by *Charles E. Vroman.* They contended, *inter alia*, that the marriage relation alone did not give the plaintiff an insurable interest in his wife's property. *Clark v. Dwelling House Ins. Co.* 81 Me. 373; *Traders' Ins. Co. v. Newman*, 120 Ind. 554; *Agricultural Ins. Co. v. Montague*, 38 Mich. 551. An interest in property to be insurable must be definite, fixed, and specific, the loss of which will be a direct pecuniary loss to its owner. It must

be a *legal* or *equitable* interest, or such an interest as the courts will recognize and protect in any proper judicial proceeding where it becomes involved.    *Grevemeyer v. Southern M. F. Ins. Co.* 62 Pa. St. 340; *Bayles v. Hillsborough Ins. Co.* 27 N. J. Law, 163; *Howard v. Albany Ins. Co.* 3 Denio, 303; *Baldwin v. State Ins. Co.* 60 Iowa, 497; *Murdock v. Chenango Co. M. Ins. Co.* 2 N. Y. 210; *Warren v. Davenport F. Ins. Co.* 31 Iowa, 466.

For the respondent there was a brief by *Hudd, Wigman & Martin*, and oral argument by *J. H. M. Wigman*.

TAYLOR, J.    This is an action to recover damages upon a fire insurance policy.    The policy insured the plaintiff against loss by fire upon a dwelling-house, several barns, household furniture, wearing apparel, farming implements, grain, and hay.    The policy was issued June 4, 1888, and a fire occurred August 30, 1888, destroying most of the property insured.    On the trial in the circuit court the plaintiff recovered $140 for the loss of personal property insured, and $725 for the loss on the insured buildings.    The defendant only appeals from that part of the judgment which gave the plaintiff $725 for loss on the insured buildings.

The only ground stated by the appellant for reversing the judgment as to the part appealed from is that it claims the plaintiff had no insurable interest in the buildings destroyed, either at the time the policy was issued or at the time of the loss.

The evidence on the trial shows that, some years before the policy of insurance was issued to the plaintiff, he bought the land on which the insured buildings were located from one Charles Rogers, and paid for it with his own money, and by his direction Rogers conveyed the land to his wife. The house was on the land at the time he purchased it. Plaintiff built the barns himself, made all the other improvements on the farm at his own expense, took actual posses-

sion thereof with his family, and cultivated the land at his own expense and on his own account, and had the entire and sole management of the farm. The proceeds of the farm were used to support the family. This was done with the consent of the wife. There was an understanding between the plaintiff and his wife that she would deed the farm to him at his request. All the stock, farm implements, household furniture, and other personal property on the farm were the property of the plaintiff. This was the situation of affairs when the policy was issued and when the fire occurred. It was also proved that at the time the policy was issued and delivered to the plaintiff the agent who issued the same was informed that the title to the land was in the wife.

Upon this state of facts, we think it is very clear that the plaintiff had an insurable interest in the house and barns at the time the policy was issued, as well as at the time of the fire. The actual possession and beneficial use of the farm were in the plaintiff, with the full consent of the wife, at the time the policy was issued as well as at the time of the loss. There can be no doubt, therefore, that the plaintiff had a pecuniary and valuable interest in the property insured and destroyed, and therefore an insurable interest. The possession and use of the house and barns was of the utmost importance to him in providing a support for himself and family, and their destruction was substantially as disastrous to him in his endeavors to support himself and family as though he had the actual title. He had in fact the possession and the entire beneficial use, of which he was deprived by their destruction. The actual possession and use of property is a valuable right, and it is especially valuable when held with the permission of the real owner. It has even been held that a disseisor who is in peaceable possession after having ousted the real owner, has an insurable interest without regard to the question of actual ownership,

especially when the disseisor has acted in good faith, believing he had the right to such possession. See cases hereafter cited.

It seems very clear to us that a person in the actual possession and use of real property for his personal benefit, with the assent of the real owner, stands in a much better position, and has a pecuniary interest much more valuable, than a mere disseisor in possession holding adversely to the real owner. What constitutes an insurable interest, so as to take the case out of the law prohibiting wager policies, is not very clearly defined, and it is difficult to lay down any general rule applicable to all cases. Flanders, in his work on Insurance, says: "But an 'insurable interest' does not rigorously mean that the assured must have an absolute right of property in the thing insured. If he has a special, limited interest, or if he would suffer any disadvantage by the destruction of the premises, or any reasonable expectation of profit would be thereby defeated, he may protect or indemnify himself by insurance. . . . In a word, if the party insured has any interest that would be injured in the event that the peril insured against should happen, the courts will maintain his policy." Fland. Ins. 377. Wood, in his work on Insurance, says: "It is not necessary that the assured should have either a legal or equitable interest, or indeed any property interest, in the subject matter insured. It is enough if he holds such a relation to the property that its destruction by the peril insured against involves pecuniary loss to him or those for whom he acts." 1 Wood, Ins. § 281, p. 645. May, in his work on Insurance, says: "An insurable interest is *sui generis*, and peculiar in its texture and operation. It sometimes exists when there is not any present property. . . . Yet such a connection must be established between the subject matter insured, and the party in whose behalf the insurance has been effected, as may be sufficient for the purpose of deducing

the existence of a loss to him from the occurrence of an injury to it." Again he says: "When a man is so circumstanced with respect to matters exposed to risks or dangers as to have a moral certainty of advantage or benefit but for those risks or dangers, he may be said to be interested in the safety of the thing." Parts of secs. 76, 77. These statements of what is an insurable interest have been considered, discussed, and approved in such an almost endless number of cases that we shall content ourselves with citing a few of them, which were cases based upon facts analogous to the facts in the case at bar: *Redfield v. Holland P. Ins. Co.* 56 N. Y. 354; *Farmers' L. & T. Co. v. Harmony F. & M. Ins Co.* 51 Barb. 33; *Strong v. Manufacturers' Ins. Co.* 10 Pick. 40; *Putnam v. Mercantile M. Ins. Co.* 5 Met. 386; *Springfield F. & M. Ins. Co. v. Allen,* 43 N. Y. 389; *Eastern R. Co. v. Relief Fire Ins. Co.* 98 Mass. 420; *Trade Ins. Co. v. Barracliff,* 45 N. J. Law, 543; *Harris v. York M. Ins. Co.* 50 Pa. St. 341; *Merritt v. Farmers' Ins. Co.* 42 Iowa, 11; *American C. Ins. Co. v. McLanathan,* 11 Kan. 533; *Goulstone v. Royal Ins. Co.* 1 Fost. & F. 276; *Williams v. Roger Williams Ins. Co.* 107 Mass. 377–379; *Cohn v. Virginia F. & M. Ins. Co.* 3 Hughes (U. S.), 272; *Rohrbach v. Germania F. Ins. Co.* 62 N. Y. 54; *Travis v. Continental Ins. Co.* 32 Mo. App. 198, 206; *Amsinck v. American Ins. Co.* 129 Mass. 185, 186.

The cases above cited are quite sufficient to show that the objection taken by the learned counsel for the appellant, that the evidence in the case at bar does not show that the plaintiff had an insurable interest in the house and barns is wholly unsupported by principle or authority.

Whether the insurance might be held valid on the ground that the insurer had full knowledge of the state of the title when the policy was issued, and he must therefore be held to have intended to insure the property in the name of the plaintiff for the benefit of the real owner, and that plaintiff

may be considered as having insured as the agent of his wife and for her benefit as well as for his own, need not be decided in this case. Upon this point see *Harris v. York M. Ins. Co.* 50 Pa. St. 341, and *American C. Ins. Co. v. McLanathan*, 11 Kan. 533.

The judgment of the circuit court was clearly right.

*By the Court.*— That part of the judgment appealed from is affirmed.