(66 App. Div. 72.)

BEEKMAN et al. v. FULTON & MONTGOMERY COUNTIES FARMERS'
MUT. FIRE INS. ASS'N.

(Supreme Court, Appellate Division, Third Department. November 13, 1901.)

1. INSURANCE—VALUE OF LIFE TENANT'S INTEREST—ASCERTAINMENT.

In an action by a life tenant on an insurance policy which he had taken out on the house and barn situated on the premises, the ages of both the tenant for life and his wife were proved, and there was evidence tending to show the value of the house. Supreme court rule No. 70 provides that if a tenant for life, entitled to the annual interest or income of any invested sum, consents to accept a gross sum in lieu thereof, the same shall be estimated according to the then value of an annuity of 5 per cent. on the principal sum during the probable life of such person, according to the Northampton tables. *Held*, that rule 70 was not applicable for ascertaining the value of the annual use of a house, referring only to invested sums, and hence the evidence was insufficient to enable the jury to determine the value of the use during the tenant's life, and the tenant was not prejudiced by a verdict for the amount tendered by the insurance company.

2. SAME—AMOUNT RECOVERABLE BY LIFE TENANT.

A life tenant, insuring the buildings on the premises as his own, is only entitled on the policy to the actual value, at the time of the fire, of his right to use the same during his life; the value of such use being determined from the locality and surroundings of the property, that being the measure of his insurable interest.

Smith and Edwards, JJ., dissenting in part.

Appeal from trial term.

Action by Noah W. Beekman and another against the Fulton & Montgomery Counties Farmers' Mutual Fire Insurance Association. From a judgment in favor of defendant, plaintiffs appeal. Affirmed.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, SMITH, and CHASE, JJ.

N. J. Herrick, for appellants.

Harry Sherburne and H. V. Borst, for respondent.

PARKER, P. J. Daniel Mosher had a life estate in a small farm, and the house and barn thereon situated. He insured the buildings thereon in his own name in the defendant company; the barn for $200, and the house for $600. In the application and policy the property was described as "his," and the agreement of the company was that, in the event of loss, it was to pay him. On October 16, 1898, such house was totally destroyed by fire, and the action is brought by said Mosher's assignees to recover upon such policy the amount of such insurance.

Several issues were set up in the answer and litigated upon the trial, but at the close of all the evidence the defendant moved that the court direct a verdict in its favor on three grounds, then stated. The court seems to have denied this application, but to have then held that the plaintiffs could recover only the value of Mosher's life estate in the property destroyed, and that there was no proof in the case of that value. But inasmuch as a tender of $280 before suit · brought was set up in the answer, and it then appearing that such sum was paid into court and was still there awaiting its order, a

verdict for that amount was directed in favor of the plaintiffs. No exception was taken by the defendant to the denial of its motion nor to this disposition of the case, and no appeal has been taken by it from the judgment entered on such verdict. Judgment was entered in favor of the plaintiffs that they recover such sum of $280, less the defendant's costs, which are charged against the same, and from that judgment this appeal is taken.

The only question presented to us, therefore, is whether such disposition of the case has been prejudicial to the plaintiffs. It is urged by the defendant that, Mosher's interest in the house being the right to use it during his life only, the value of such right at the time of the fire measures his insurable interest therein; and it would ascertain the value of such right by ascertaining the difference in value of the use of the farm with and without the house upon it during Mosher's life, and that difference, it claims, is the extent of his insurable interest. It further claims that Mosher could recover no more than the amount of such insurable interest, and that, having omitted to give any proof of its value, the ruling of the trial court was correct. It is not distinctly stated how the duration of Mosher's life is to be ascertained, but, as I understand the argument, the Northampton tables may be put in evidence to establish that fact.

If this claim correctly defines the extent of Mosher's right to recover and the proper method of ascertaining it, there were not facts before the jury sufficient to base a verdict upon, and the ruling of the trial court has worked no prejudice to the plaintiffs.

But the plaintiffs claim that, even if Mosher's right to recover is limited to the pecuniary value of his right to use the house during his life, there were facts before them from which the jury might have ascertained that value, and fixed it at a much greater figure than the verdict which the court directed. The ages of both Mosher and his wife were proved. There was also evidence tending to show the value of the house, varying from $1,200 to $600. On these facts the plaintiffs claim that it was also lawful for the jury to use the Northampton tables without their being formally put in evidence, and hence that all facts necessary to establish the value of Mosher's life estate in the house, in accordance with the provisions of supreme court rule No. 70, were before the jury, and that hence it was error for the court to take that question from them. It may be conceded that such tables could be used by the jury without being formally read in evidence (Davis v. Standish, 26 Hun, 608, 616; Wager v. Schuyler, 1 Wend. 553); but I am of the opinion that the plaintiffs' method of ascertaining the value of Mosher's right to the use of the house for life is not the correct one. I can see no propriety in arbitrarily assuming that the value of the annual use of the house to Mosher was 5 per cent. on the cash value of the house itself. Such a rule is applicable to sums which are invested and to the interest on which the life tenant is entitled, and rule 70 of the supreme court is made applicable to no other. Upon the question as to what the annual use of a house is worth, no such arbitrary assumption should be tolerated. Such use depends upon the varying circumstances of each case, and in each case proof should be made of its actual

annual value. The tables may be used to ascertain the probable duration of the life (Schell v. Plumb, 55 N. Y. 592; Sauter v. Railroad Co., 66 N. Y. 50, 23 Am. Rep. 18), but the method of computation referred to in rule 70 has no application to this case. There were therefore not sufficient facts before the court to enable the jury to properly ascertain the actual value, at the time of the fire, of Mosher's right to use the house during his life, and, if that value is to fix the plaintiffs' right of recovery, the trial court did not err to their prejudice in directing the verdict which it did direct.

But the plaintiffs further claim that Mosher was not limited in his recovery under this policy to the present worth of his right to use the property insured during his life. There is nothing in the transaction indicating that Mosher intended to insure for himself and the remainder-man, and hence the rule that would fix the amount of his recovery in such a case cannot apply to this. Waring v. Insurance Co., 45 N. Y. 606, 6 Am. Rep. 146. Under the contract he is insured as the owner, and at a figure that is evidently based upon the property's full estimated value. No information was given by Mosher that his interest in the premises was anything less than an absolute owner, and I think from the evidence we must assume that the defendant supposed he was such owner, and intended to insure him as such. But "the party applying for insurance is not bound to disclose the nature or extent of his interest to the insurer unless requested. It may be shown by parol to exist, and the company must pay its value to the extent of the amount named in the policy." Cross v. Insurance Co., 132 N. Y. 136, 30 N. E. 391. Hence this policy was a valid one. But the defendant's obligation under it does not extend beyond Mosher's insurable interest in the house destroyed. As to what that interest is, I am of the opinion that it must be confined to the actual value, at the time of the fire, of Mosher's right to use same during his life. The value of the use does not depend upon the cost of construction. Locality and surroundings in every case determine the value of the use. · Hence sufficient facts must be proven, by the ordinary method of proof, to establish that value. This view of the case leads to the conclusion that no error was committed upon the trial prejudicial to the plaintiffs, and the judgment appealed from must be affirmed.

Judgment affirmed, with costs.

KELLOGG and CHASE, JJ., concur.

SMITH, J. (dissenting). In concluding the note cited from May on Insurance in the opinion of the Presiding Justice, the author says: "But the better view appears to be that the remainder-man has no interest in such insurance, in the absence of some contract or duty giving him rights therein." In Harrison v. Pepper, 166 Mass. 288, 44 N. E. 222, 33 L. R. A. 239, 55 Am. St. Rep. 404, a life tenant had insured to the full value of the property. The insurance had been paid, and the remainder-man sought to recover from him the amount received, over and above the value of his life interest, upon the

ground that the recovery, over and above such interest, was as trustee for him. It was there held that the remainder-man had no interest whatever in the insurance, notwithstanding the amount received was greater than the life interest. Morton, J., in writing for a unanimous court, says:

"In the absence of anything that requires it in the instrument creating the estate, or of any agreement to that effect on the part of the life tenant, we think that the life tenant is not bound to keep the premises insured for the benefit of the remainder-man. Each can insure his own interest, but, in the absence of any stipulation or agreement, neither has any claim upon the proceeds of the other's policy, any more than in the case of mortgagor and mortgagee, or lessor and lessee, or vendor and vendee. * * * It is not averred, and does not appear, that the defendant intended to make a present of the proceeds of the policy to the plaintiff or was insuring for her benefit. Whether the amount of indemnity received by the defendant was more or less than the value of her interest cannot affect the plaintiff. Nor can the defendant be converted into a trustee for the plaintiff by the mere fact that the amount which she received was equal to the full value of the house. It was paid to and received by her as indemnity for the loss which she has sustained, and, as already observed, does not stand in the place of the property insured."

In Waring v. Insurance Co., 45 N. Y. 606, 6 Am. Rep. 146, it was held that a person might insure in his own name the property of another for the benefit of the owner, but it was there held that such must have been the intention of the person effecting the insurance. In Berry v. Insurance Co., 132 N. Y. 49, 30 N. E. 254, 28 Am. St. Rep. 548, it was held that a tenant who had agreed verbally with his landlord to keep the demised premises insured has an insurable interest in the property, and may insure in his own name to the extent of the amount agreed to be insured, and, when no amount is named, his interest is the full value. Brown, J., in writing the opinion of the court, seems to place the right to recover the full value of the premises solely upon the liability of the tenant under his contract to insure.

In Niblo v. Insurance Co., 1 Sandf. 552, it is held that a tenant for a year has an insurable interest in buildings demised to him, but he cannot recover the full value of such buildings in case of loss. In Insurance Co. v. Yates, 10 Ky. Law Rep. 984, it is held: Where the owner of property insured as hers absolutely has only a life estate, she can recover only the value of her interest in the buildings destroyed, and not their full value.

These authorities would seem to me to negative the right of these plaintiffs to recover the full value of the property destroyed. They are limited, I think, to their insurable interest as life tenants.

What, then, was the insurable interest of the life tenants? If a fee owner insures farm buildings, the measure of his recovery in case of fire is not the difference in value of the farm with the buildings and without. His right is to recover the value of the buildings, and in determining that value the principal factor is the cost of rebuilding. If this building had been insured for the benefit of the remainder-man and life tenants as their interests might appear, I know of only one rule by which to apportion the insurance, when recovered, as between them. That apportionment must clearly be made under the rule of

the court and the Northampton tables. If the insurance were for the full value of the building, the life tenant would receive that proportion of the insurance as would represent his life interest under that rule. When he insures his interest only, why should a different rule govern,—a different measure of damage be applied? If such a building were to be restored, the life tenant would have an equitable duty to furnish such a proportion of the cost of restoration as would be represented by the value of his life estate as thus estimated. Such, then, would seem to me a more equitable rule of damage to be applied in determining the plaintiff's loss in the case at bar. From the evidence the jury should have determined the value of that building, and from the rule of the court and the Northampton tables the value of the life estate could be mathematically, and, I think, legally, obtained. For these reasons, I concur in the decision for a new trial.

EDWARDS, J., concurs.