Kludt, Administratrix, Respondent, vs. German Mutual Fire Insurance Company, Appellant.

*February 21—March 11, 1913.*

*Fire insurance: Insurable interest of husband in wife's property: Amount recoverable: Mutual companies: Forfeitures.*

1. A husband who resided with his wife on a farm which was her sole property and, with her consent, had the possession and entire beneficial use thereof, operating the farm and applying the proceeds to improvements and the support of himself and the family, had an insurable interest in the buildings.

2. The fact that the husband did not own the personal property on the farm is not material upon the question as to his insurable interest in the real estate.

3. The fact that the insurer did not know the condition of the title does not affect its liability, there being no provision in the policy that the insured must be the sole and unconditional owner, and there having been no misstatement or fraudulent concealment of the facts.

4. The fact that the insurer is a mutual company whose constitution provides that "whoever sells or exchanges his property leaves the company by this act and loses all rights," does not save it from liability. Such provision, being for a forfeiture, must be strictly construed, and the issuance and acceptance of the policy in question did not conflict therewith.

5. There being nothing in the policy to indicate that the husband's interest only was insured, the recovery thereon is not limited to the value of his insurable interest.

6. In the absence of fraud or mistake, where the insured has an insurable interest at the time the policy is issued and there is no limitation in the policy, and the insurable interest continues to the time of loss, recovery may be had for the whole loss, not exceeding the amount of the insurance.

APPEAL from a judgment of the circuit court for Fond du Lac county: CHESTER A. FOWLER, Circuit Judge. *Affirmed.*

This action was brought to recover upon an insurance policy. The case was tried upon an agreed statement of facts which is substantially as follows:

That for several years prior to May 17, 1911, John Kludt, plaintiff's intestate, was a resident of the town of Scott, Sheboygan county, Wisconsin. That the defendant is a mutual fire insurance company belonging to the class known as "town mutual insurance companies," and was duly organized as such and engaged in the business of fire insurance within the town of Scott.

That said John Kludt, at the time of the making of the purported contract of insurance in question and up to the time of the fire, resided with his wife and family upon certain real estate situated in the town of Scott, Sheboygan county, Wisconsin, being in section 29, township 13 north, range No. 20 east, containing eighty acres; that there was located on the property a frame dwelling house owned by *Fredericke*

*Kludt,* then wife of John Kludt; that said dwelling house was occupied by John Kludt as and for a dwelling house, such occupation being by and with the consent of his then wife, *Fredericke,* and that said John Kludt at all times was in possession and enjoyment of the insured property in question located in such dwelling house, and the possession and enjoyment was at all times by and with the consent of the owner, *Fredericke Kludt.* That at all times from November 30, 1907, until after the fire, May 17, 1911, the real estate in question and other property was the sole property of the then wife of John Kludt, and that John Kludt otherwise than as stated had no legal enforceable right, title, or interest in the property or to the use of the same against his wife; that no oral or written agreement existed between John Kludt and his wife regarding the character or extent of said use, and he occupied the same merely as her husband, rent free, by her acquiescence. That John Kludt owned no property, and with the consent of his wife was in possession, use, and enjoyment of said real estate and conducted thereon the business of farming, and was permitted to exercise the entire management and control over the property, and that all the proceeds of said farm were consumed for operating expenses, improvements, and for the support of himself, wife, and family. That prior to November 30, 1907, John Kludt was named as joint owner with his wife in a deed of said farm, he having furnished about $250 of the original purchase price of $2,450, and on the last named date, through a third party, sold, released, and conveyed to his wife, who has since owned the same, all his right and title to all of said property, real and personal, and at the time of said transfer he was a member of and policy-holder in defendant company.

That one of the by-laws of said company is to the effect that a member selling or exchanging his property insured dissolves his connection with the company and loses all his rights in the company. That defendant had no knowledge of the transfer above mentioned until after the fire and did

not know that *Fredericke Kludt* was the owner of the property insured.

That on the 30th day of June, 1908, the defendant for consideration duly executed and delivered its policy of insurance, bearing number 5573, whereby it insured John Kludt for the term of five years against all loss or damage by fire, except for certain causes excepted, to the amount of $935, being $700 on the dwelling house and the balance on personal property. That policy number 5573 was a new policy issued at the expiration of a policy of like character issued by defendant to John Kludt at some time prior to the 30th day of November, 1907, and when John Kludt was joint owner with his wife of the property. That at the time of taking out the policy No. 5573 the defendant did not know of the change in ownership of the property insured, and that John Kludt did not state who was the owner, nor was he asked, and the company's agent made no inquiry as to ownership, but relied upon the ownership being unchanged.

That on May 17, 1911, the property was destroyed by fire, which fire did not happen through any of the causes excepted in the policy. That the cause of the fire is unknown, but said John Kludt died by his own hand at the time of the fire. That the value of the property destroyed was equal to, or in excess of the sums mentioned in the policy. That due notice was given of the fire and loss in accordance with the rules of the policy. That payment of said loss was refused solely upon the ground that John Kludt was not the owner and because such fact was concealed from the company until after the loss occurred. That the defendant promptly tendered the return of all sums received under the application and policy No. 5573 and kept said tender good. That, except as stated, John Kludt performed all conditions under the policy by him to be performed.

That on May 17, 1911, John Kludt died intestate and letters of administration were granted to plaintiff, who qualified as administratrix.

A copy of the policy is annexed to and made a part of the stipulation. The following is paragraph 13 thereof:

"13. Any member may leave the company, but must pay all his dues first, and beside notify the secretary. Whoever sells or exchanges his property, leaves the company by this act and loses all rights, the same as those who are expelled by the directors. If wished, the policy may be transferred to the successor."

Also a copy of the application for policy No. 5573 is attached to and made a part of the stipulation. The truth of the facts and correctness of both Exhibits A and B are admitted.

The court below made the stipulation a part of the findings, and also found that the plaintiff's intestate did not misstate or fraudulently conceal any facts material to the risk upon the issuance of the policy. And concluded that the plaintiff recover the value of the property described as specified in the stipulation to the full amount, with costs. Judgment was entered accordingly, from which this appeal was taken.

For the appellant there were briefs by *Ecke & Hughes,* and oral argument by *W. W. Hughes.*

*Frank W. Bucklin,* for the respondent.

KERWIN, J. The main question on this appeal is whether John Kludt, the plaintiff's intestate, had an insurable interest in the property covered by the policy in suit. A very able argument is made by counsel for appellant to the effect that he had not, and many cases from other jurisdictions are cited in support of the contention. The following authorities are cited by counsel for appellant and, in a measure at least, support their contention: *German American Ins. Co. v. Paul,* 2 Ind. Ter. 625, 53 S. W. 442; *Bassett v. Farmers' & M. Ins. Co.* 85 Neb. 85, 122 N. W. 703; *Clark v. Dwelling House Ins. Co.* 81 Me. 373, 17 Atl. 303; *Planters' Mut. Ins. Co. v. Loyd,* 71 Ark. 292, 75 S. W. 725; *Traders' Ins. Co.*

*v. Newman,* 120 Ind. 554, 22 N. E. 428; *Agricultural Ins. Co. v. Montague,* 38 Mich. 548; *Tyree v. Virginia F. & M. Ins. Co.* 55 W. Va. 63, 46 S. E. 706; *Trott v. Woolwich M. F. Ins. Co.* 83 Me. 362, 22 Atl. 245; *Glaze v. Three Rivers F. M. Ins. Co.* 87 Mich. 349, 49 N. W. 595; *Fox v. Queen Ins. Co.* 124 Ga. 948, 53 S. E. 271; *Scott v. Dixie F. Ins. Co.* 70 W. Va. 533, 74 S. E. 659; *Pelican Ins. Co. v. Smith,* 92 Ala. 428, 9 South. 327; *Eminence Mut. Ins. Co. v. Jesse,* 1 Met. (Ky.) 523; Ostrander, Fire Ins. (2d ed.) p. 212, § 61; 2 Joyce, Ins. § 1049; 19 Cyc. 598, note 11 and cases.

The foregoing cases turn mainly upon the ground that, in states where the laws relating to married women give them the absolute ownership in their separate property and the possession, control, and management of it, the husband has no insurable interest in his wife's property solely by virtue of the marital relation. But it has been held that in states where the law gives the husband an interest or present right of enjoyment in the wife's property during her life he has an insurable interest. *Warren v. Springfield F. & M. Ins. Co.* 13 Tex. Civ. App. 466, 35 S. W. 810; *Georgia Home Ins. Co. v. Brady* (Tex. Civ. App.) 41 S. W. 513; *Continental F. Asso. v. Wingfield,* 32 Tex. Civ. App. 194, 73 S. W. 847; *Doyle v. American F. Ins. Co.* 181 Mass. 139, 63 N. E. 394; *Harris v. York M. Ins. Co.* 50 Pa. St. 341; *Trade Ins. Co. v. Barracliff,* 45 N. J. Law, 543; *Mutual F. Ins. Co. v. Deale,* 18 Md. 26; *Franklin M. & F. Ins. Co. v. Drake,* 2 B. Mon. 47, 50; *Leathers v. Farmers' M. F. Ins. Co.* 24 N. H. 259; *Webster v. Dwelling House Ins. Co.* 53 Ohio St. 558, 42 N. E. 546, 30 L. R. A. 719. There are also cases holding that where the husband was the equitable owner and the wife a nominal holder of the title, or where the husband insured as the agent of the wife, the policies were valid.

In view of the condition of the authorities elsewhere, were the question new here we should regard it troublesome. The case at bar, however, seems to be ruled by *Horsch v.*

*Dwelling House Ins. Co.* 77 Wis. 4, 45 N. W. 945. In that case the contention was that the plaintiff had no insurable interest in the property. The facts were quite similar in that case to the facts in the case at bar, except that in the former the husband bought the property, paid for it with his own money, and took the title in the name of his wife, and there was an understanding between him and his wife that she would deed the property to him at his request; also that the personal property on the farm belonged to the husband, and the agent was informed when he issued the policy in the *Horsch Case* that the title to the land was in the wife. It is strenuously insisted by counsel for appellant that because of the difference in facts above indicated the *Horsch Case* is distinguishable from the instant case. It is true that in the *Horsch Case* the husband had an equitable interest which the parties might recognize by virtue of payment of purchase price of the land and the understanding that his wife would deed to him on request. But the opinion does not seem to rest solely upon this ground. At page 6 the court said:

"The actual possession and beneficial use of the farm were in the plaintiff, with the full consent of the wife, at the time the policy was issued as well as at the time of the loss. There can be no doubt, therefore, that the plaintiff had a pecuniary and valuable interest in the property insured and destroyed, and therefore an insurable interest. The possession and use of the house and barns was of the utmost importance to him in providing a support for himself and family, and their destruction was substantially as disastrous to him in his endeavors to support himself and family as though he had the actual title. He had in fact the possession and the entire beneficial use, of which he was deprived by their destruction. The actual possession and use of property is a valuable right, and it is especially valuable when held with the permission of the real owner."

The facts upon which the above doctrine rests are present in the instant case, as will be seen from an examination of the stipulated facts set out in the statement of the case. The

*Horsch Case* was decided in 1890, and so far as the writer is informed the doctrine there enunciated has never been questioned by this court.

Wood in his work on Insurance says:

"It is not necessary that the assured should have either a legal or equitable interest, or indeed any property interest, in the subject matter insured. It is enough if he holds such a relation to the property that its destruction by the peril insured against involves pecuniary loss to him or to those for whom he acts." Vol. 1, sec. 281, p. 645 (2d ed.).

The facts in the instant case bring it within the doctrine as laid down in the *Horsch Case*. See, also, May, Ins. §§ 76, 77; 1 Phillips, Ins. 67; *Danvers M. F. Ins. Co. v. Schertz,* 95 Ill. App. 656; *Redfield v. Holland Purchase Ins. Co.* 56 N. Y. 354.

Point is made by counsel for appellant that in the *Horsch Case* the insured owned the personal property, and that the insurance company knew all the facts and was not a mutual company. The fact that Horsch owned the personal property would not give him an insurable interest in the real estate. Nor can the fact that the appellant in the instant case did not know the condition of the title alter the situation of the parties as to liability.

There was no fraud on the part of the plaintiff's intestate. He made no false representations. If the defendant desired to insure only one who was the sole and unconditional owner, it should have so provided in the contract of insurance. Appellant made no inquiry respecting title, and no representation as to title was made, therefore the finding of the court below that the plaintiff's intestate did not misstate or fraudulently conceal any fact material to the risk upon the issuance of the policy was correct. *Campbell v. American F. Ins. Co.* 73 Wis. 100, 40 N. W. 661; *Dunbar v. Phenix Ins. Co.* 72 Wis. 492, 40 N. W. 386; 19 Cyc. 690; *Johannes v. Standard F. Office,* 70 Wis. 196, 35 N. W. 298; *Roloff v. Farmers'*

*H. M. Ins. Co.* 130 Wis. 402, 110 N. W. 261; *Vankirk v. Citizens' Ins. Co.* 79 Wis. 627, 48 N. W. 798.

The fact that the appellant is a mutual company and limited by paragraph 13 of its constitution, set out in the statement of facts, cannot save it from liability in the instant case. It provides that whoever sells or exchanges his property, leaves the company by such act and loses all rights, etc. This paragraph provides for a forfeiture and must be strictly construed against the appellant. *Redman v. Hartford F. Ins. Co.* 47 Wis. 89, 1 N. W. 393; *Siemers v. Meeme M. H. P. Ins. Co.* 143 Wis. 114, 126 N. W. 669; *Joliffe v. Madison M. Ins. Co.* 39 Wis. 111; *Wakefield v. Orient Ins. Co.* 50 Wis. 532, 7 N. W. 647; *Dolliver v. St. Joseph F. & M. Ins. Co.* 128 Mass. 315; *Wolf v. Theresa Village M. F. Ins. Co.* 115 Wis. 402, 91 N. W. 1014.

The issuance and acceptance of the policy in question does not conflict with, but on the contrary is consistent with, the terms of paragraph 13 of appellant's constitution.

It is also insisted by appellant that, even if the plaintiff recovers in this case, the damages should be limited to the value of the insurable interest of John Kludt, which would be only a nominal sum, and *Beekman v. Fulton & M. C. F. M. F. Ins. Asso.* 66 App. Div. 72, 73 N. Y. Supp. 110, is relied upon. In that case Mosher, the insured, had a life estate and insured the property in his own name. At page 75 (66 App. Div.) the court said: "There is nothing in the transaction indicating that Mosher intended to insure for himself and the remainderman, and hence the rule that would fix the amount of his recovery in such a case cannot apply to this."

In the instant case, however, the deceased had an insurable interest, and the contract of insurance insured the property, not his interest. There is nothing in the policy or circumstances of the case to indicate that the deceased insured his interest merely. The loss was total, and the value of the

property insured was in excess of the amount for which the property was insured.    The damages recoverable, therefore, are the sum for which the property was insured.    19 Cyc. 839; *Horsch v. Dwelling House Ins. Co.* 77 Wis. 4, 45 N. W. 945; *St. Clara F. Acad. v. Northwestern Nat. Ins. Co.* 98 Wis. 257, 73 N. W. 767; *Siemers v. Meeme M. H. P. Ins. Co.* 143 Wis. 114, 126 N. W. 669; *Johnston v. Charles Abresch Co.* 123 Wis. 130, 101 N. W. 395; *Andes Ins. Co. v. Fish,* 71 Ill. 620.

It seems to be well settled that in the absence of fraud or mistake, where the insured has an insurable interest at the time the policy is issued and there is no limitation in the policy, and the insurable interest continues to the time of loss, the whole amount of the damage done to the property, not exceeding the amount for which it is insured, may be recovered.    It follows that the judgment must be affirmed.

*By the Court.*—The judgment is affirmed.