# CHARLESTON.

HATTIE HAWKINS v. SOUTH-WESTERN MUTUAL FIRE INS. Co.

Submitted September 26, 1917.    Decided October 2, 1917.

1. INSURANCE—*Insurable Interest—Property of Married Woman.*
    A married woman, who, with her own funds, constructs a house upon a lot belonging to her husband, under an agreement that he will convey such lot to her in the event she builds a house thereon, has an insurable interest therein.   (p. 775).

2. SAME—*Fire Insurance—Recovery—Insurable Interest—Estoppel.*
    One, having an insurable interest in real estate, who correctly states such interest to the representative of an insurance company when applying for insurance, and who signs an application filled out by such representative in which the interest of the insured is stated to be a fee simple, will not be denied recovery upon a fire insurance policy issued pursuant to such application in case of loss of the property by fire, even though the interest of the insured is less than a fee simple, by reason of a provision in the policy making it void should the interest of the insured be other than that stated in the application. Such insurance company is estopped to say that the insured's interest is other than its agent interpreted it to be at the time the application was made.   (p. 777).

Error to Circuit Court, Mercer County.
Action by Hattie Hawkins against Southwestern Mutual

Fire Insurance Company. Verdict for plaintiff, which on motion was set aside, and plaintiff brings error.

*Judgment reversed, verdict reinstated, and judgment rendered for plaintiff.*

*Russell S. Ritz,* for plaintiff in error.

*L. J. Holland,* for defendant in error.

RITZ, JUDGE:

This suit is prosecuted to recover the indemnity provided to be paid by a policy of insurance issued by the defendant covering a house situate in the town of Bramwell. The policy was written in the name of the plaintiff and purported to insure a house belonging to the plaintiff in the sum of eight hundred dollars against destruction by fire. The house was destroyed by fire and the insurance company defends the suit upon three grounds: first, that the plaintiff did not pay the premiums and execute premium obligations therefor, as required by the terms of the policy; second, that she had no insurable interest in the property; and third, that the policy was forfeited because of a breach of a warranty therein contained to the effect that if the interest of the insured was other than that represented in the application the policy would be void, which application represented the interest of the insured to be that of fee simple owner, when in fact such was not the case. The case was tried in the Circuit Court of Mercer County and a verdict rendered in favor of the plaintiff which was, on motion, set aside, and the case is here to review that action of the court.

There was a condition of the policy that it would not be effective until at least one-half of the premium had been paid and a premium obligation executed for the remainder. The defendant denied that plaintiff had ever paid one-half of the premium, and also denied that she had executed any obligation for the unpaid part thereof. The premium to be paid was eighteen dollars. Upon the trial it was shown by the plaintiff and admitted by the defendant that she had in fact paid thirteen dollars and ten cents, so that the condition re-

quiring one-half of the premium to be paid in cash had been. met. She also testified that at the time of the issuance of the policy she executed a premium obligation for the unpaid portion of the premium. This is denied by the representative of the company who had the transaction with her. The jury's finding in favor of the plaintiff upon this question should not be disturbed.

Did plaintiff have an insurable interest in the property? The facts in regard thereto are that the title to the lot upon which the house was situate was vested in her husband, and that she with her own funds erected the house thereon under an agreement that her husband would convey the property to her. She was in the possession of the property running a boarding house at the time the insurance policy was issued, and at the time of the fire. She swears that she advised the insurance company's representative, who was its president and managing officer, of these facts, and that he thereupon advised her that the insurance on the house would have to be written in her name; that he filled up an application stating therein that she was the owner of the property in fee simple, and she signed the same. The president of the defendant company, who is also its chief managing officer, was on the witness stand and testified that he was the company's representative who had the transaction with the plaintiff, and he does not in anywise contradict the testimony of the plaintiff in this regard. Similar questions to this have frequently arisen and been passed upon by courts of last resort of many of the states. The rule as to what constitutes an insurable interest seems to be that where a party will suffer a pecuniary loss from the destruction of the subject-matter of insurance he has an insurable interest therein. In this case it is admitted that the plaintiff's own money built this house; it is admitted that she built it on her husband's lot under an agreement with him that he would convey the lot to her; and further, that she had been in the sole occupancy and control thereof until its destruction by fire.

In the case of *Kludt* v. *German Mutual Fire Ins. Co.*, 152 Wis. 637, 140 N. W. 321, 45 L. R. A. (N. S.) 1131, it was held

that a man has an insurable interest in a house, the title to which is in his wife, but which, with her consent, he occupies as a dwelling for himself and family. From the statement of facts in that case it does not appear that there was any contract whatever between the husband and wife, but simply upon the bare occupancy of the property by the husband as a dwelling it was held that he had an insurable interest. In *Farmers' Mutual Fire Ins. Co.* v. *Fogelman,* 35 Mich. 481, it was held that where the insured had an oral agreement with his wife for an interest in the property such oral agreement vested in him an insurable interest therein. In *Travis* v. *The Continental Ins. Co.,* 32 Mo. App. 198, it was held that a verbal gift by the wife to the husband of property would create in him an insurable interest. In *Berry* v. *American Central Ins. Co.,* 132 N. Y. 49, a tenant who had agreed verbally with his landlord to keep the demised premises insured was held to have an insurable interest therein. In *Redfield* v. *The Holland Purchase Ins. Co.,* 56 N. Y. 354, it was held that where land is conveyed by a husband to his wife upon the consideration and under a parol agreement that she shall grant and convey back by proper instrument to the husband a life estate in the land, he has an insurable interest therein, even though she never executes the parol agreement for the re-conveyance of the life estate. In *American Ins. Co.* v. *Donlon,* 16 Col. 416, it is decided that where one erects a house upon real estate which he knows does not belong to him, but under such circumstances as that he believes that he would be the owner of the house erected thereon, he has an insurable interest in such house, even though he is mistaken as to his ownership thereof. In *Stevenson* v. *London Fire Ins. Co.,* 26 Upper Canada, Q. B. 148, where plaintiff insured with defendant a house in his possession which it was believed by him was constructed upon a lot which he owned, when in fact it was not upon his lot, but upon the lot of another, he was held to have an insurable interest in such house. In *Tuckerman* v. *Home Ins. Co.,* 9 R. I. 414, it is held that where one is in possession of real estate he has an insurable interest therein, even though he has conveyed the same to another upon a parol understanding that such other is holding it

simply in trust for the insured.   In *Hough* v. *City Fire Ins.* *Co.,* 29 Conn. 10, it was held that one who had purchased property by a parol agreement had an insurable interest.   In *Horsch* v. *Dwelling House Ins. Co.,* 8 L. R. A. 806, it was held that where a husband purchased land and paid for it with his own money, but had it conveyed to his wife, and he remains in the possession and control thereof, he has an insurable interest therein.   In *Jacobs* v. *Ins. Co.,* 52 S. C. 110, it is held that where a conveyance of his real estate is made by a husband to his wife upon the agreement that the husband be allowed the possession and use of the premises during coverture he has an insurable interest in the same.   In 2 Joyce on Insurance, §979, it is stated: ''A person in possession under a parol agreement of purchase, who has paid part of the purchase money, has an equitable interest in the premises, which is insurable.''   The same doctrine is announced in 14 R. C. L. 917, and 19 Cyc. 585.

In the case at bar the proof is uncontradicted that the plaintiff was in the sole possession and control of the premisses, and that she had paid all of the purchase money which she was to pay for the real estate by erecting thereon the house which was the subject of the insurance.   Clearly under these authorities she had an insurable interest.

Our case of *Tyree* v. *Virginia Ins. Co.,* 55 W. Va. 63, is relied upon by the defendant for the doctrine that a husband has no insurable interest in his wife's real estate.   So it was held in that case, but there the husband's claim of interest was based solely upon the existence of the marital relation. There was no expenditure of money by him pursuant to a contract to convey him an interest in the property.   The plaintiff in this case relies upon the expenditure of her money under a contract to convey her the property.   The Tyree case does not deal with such a state of facts.   We are convinced, after reading the opinion of the learned Judge in the Tyree case, that the court would have reached a different conclusion had the situation there been similar to the situation shown to exist in the case now under consideration.

In this case the insured fully communicated to the president and managing officer of the defendant company the

true state of the title to this property, and her real interest therein, and it may be said that the defendant is estopped to deny that she is without an insurable interest, having recognized the interest which she actually had in the property to be insurable. There is respectable authority for this proposition. 19 Cyc. 590; *Danvers Mutual Fire Ins. Co.* v. *Schertz,* 95 Ill. App. 656; *New England Fire and Marine Ins. Co.* v. *Wetmore,* 32 Ill. 221; *Franklin* v. *The National Ins. Co.,* 43 Mo. 491; *Mayor &c. of the City of New York* v. *Brooklyn Fire Ins. Co.,* 41 Barb. (N. Y.) 231; *Light* v. *The Countrymen's Mutual Fire Ins. Co.,* 169 Pa. St. 310; *W. & A. Pipe Lines* v. *Home Ins. Co.,* 145 Pa. St. 346.

On the other hand it is contended that where the insured has no interest to be protected, and can lose nothing, and does lose nothing as the result of a fire, he cannot recover upon a policy of insurance. Finding as we do that the plaintiff had an insurable interest in this property, it is not necessary for us to decide whether or not an insurance company is estopped to set up the lack of such interest under facts such as exist in this case, nor do we decide that question.

It is contended, however, that even though the plaintiff had an insurable interest in the property the policy was void because of the condition therein contained warranting her answers made in her application to be true, when in fact the answer contained in such application that she was the owner of said property in fee simple was not a fact. Can the defendant company set this up as a defense under the circumstances we have related? Its president and managing officer filled up this application. He was advised of the exact interest of the plaintiff in the property, and he for his company found that to be a fee simple interest. It was equivalent to saying to the plaintiff, upon the statements that you make to me, for the purposes of insurance in this company, you are the fee simple owner of this property; and then the plaintiff upon that assurance from him signed the warranty that her answers are true, meaning to say that if your construction of my interest in the property is correct, then my answers are correct. There is no lack of authority for the proposition that where an insurance company, or its agent, is fully and

truly advised of the interest of the insured, and such agent fills out the application, the answers so made is the company's construction of the facts furnished to the agent, and if the agent places upon the facts an incorrect interpretation the company is bound thereby. This defendant cannot say to the plaintiff in this case, it is true the president of this company filled out your application for this insurance upon a full statement from you as to your interest in the property; he construed your interest to be a fee simple interest for the purpose of insurance in this company; but we, after taking your money and lulling you into the belief that your property has been insured against loss by fire during all of this time, find that our president was mistaken, that your interest is not in fact a fee simple interest, and your insurance is void because of his mistake. Such a contention is against common sense, as well as against the great weight of authority in this country. *Schwarzbach* v. *Protective Union*, 25 W. Va. 622; *Johnson* v. *Dakota Fire & Marine Ins. Co.*, 1 N. D. 167; *Phenix Ins. Co.* v. *Allen*, 109 Ind. 273; *McBride* v. *Republic Fire Ins. Co.*, 30 Wis. 562; *Eames* v. *Home Ins. Co.*, 94 U. S. 621; *Ins. Co.* v. *Mahone*, 21 Wall. 152; *Continental Ins. Co.* v. *Chamberlain*, 132 U. S. 304; *Mutual Benefit Life Ins. Co.* v. *Robison*, 58 Fed. Rep. 723, 22 L. R. A. 325; *Parker* v. *North American Accident Ins. Co.*, 92 S. E. 88, 79 W. Va. 576.

It follows from what we have said that the court erred in setting aside the jury's verdict. We therefore reverse the judgment of the circuit court, re-instate the verdict of the jury, and render judgment thereon in favor of the plaintiff in error, with costs to her in this court and in the court below.

*Judgment reversed, verdict reinstated, and judgment rendered for plaintiff.*