# Pope *v.* Glenn Falls Insurance Company.

## *Action on Fire Insurance Policy.*

1. *Fire insurance; insurable interest.*—In order to authorize a recovery by plaintiff in an action on a policy of fire insurance, plaintiff must have an insurable interest in the property destroyed at the time of the fire.

2. *Same; pleading; replications; knowledge of agent.*—In an action on a policy of fire insurance, where defendant pleads a breach of the conditions of the policy declaring same void "if the interest of the insured be other than unconditional and sole ownership," and "if the subject of insurance be a building on ground not owned by the insured in fee simple," a replication to such plea is insufficient, which avers that defendant's agent "ought to have known, full well, the true condition, character and nature of plaintiff's title and ownership of said property," without averring or showing any duty resting on the agent to obtain such knowledge.

3. *Pleading; rejoinder; motion to strike; error without injury.* Where the only effect of a rejoinder is to make an issue already made, error in overruling a motion to strike is without injury.

4. *Fire insurance; pleading; insurable interest; general charge.* In an action on a fire insurance policy defendant pleaded a breach of the conditions of the policy as to the insured's ownership in fee simple of the property. Plaintiff by way of replication set up that defendant's agent knew the nature, kind and character of plaintiff's possession, ownership and interest in the same, and with such knowledge issued said policy to plaintiff. The evidence of plaintiff showed that when the policy was issued plaintiff informed the agent that there was a mortgage on the property. At that time the mortgage had in fact been foreclosed and the insured was in possession of the property as tenant of the purchaser at foreclosure sale. *Held*: That the averments of the replication were not proved, and defendant was entitled to the general affirmative charge.

5. *Insurable interest; mortgagor and mortgagee; statutory right of redemption.*—Where at the time of loss a mortage on the property has been foreclosed and the statutory right of redemption has expired, the insured has no insurable interest, even though the purchaser at foreclosure sale has expressed a willingness to accept the debt due notwithstanding the expiration of time for redemption; such agreement being without consideration and void under the statute of frauds.

6. *Same; void contracts.*—A person can have no insurable interest where his only right arises under a contract which is void, or unenforceable, either at law or in equity.

APPEAL from Madison Circuit Court.

Tried before the Hon. OSCEOLA KYLE.

This was an action by appellant against appellee on a fire insurance policy, in Code form. Pleas 6 and 7 set up, respectively, breaches of the conditions of the policy declaring same void "if the interest of the insured be other than unconditional and sole ownership," and "if the subject of insurance be a building on ground not owned by the insured in fee simple." Replications 2 and 4 to these pleas set up that the agent of defendant, who issued the policy, knew and was fully advised by plaintiff of the true character, nature and condition of her possession, title and ownership of said property, and with such knowledge issued the policy. Demurrers to these replications were overruled. Replication 5 to pleas 6 and 7 set up that the policy was issued by one Joseph E. Cooper,

who was the agent of defendant, and at the time of the issuance of the policy he knew or ought to have known full well, the true condition, character and nature of plaintiff's title and ownership of said property, and that plaintiff made no formal application for the issuance of said policy, but the same was issued by said agent on his own knowledge and information. Demurrers to this replication were sustained. Defendant set up, by way of rejoinder to replications 2 and 4, that plaintiff's interest when the policy was issued was the statutory right to redeem from a foreclosure sale under a deed of trust, which right of redemption had expired without being exercised before the fire. A demurrer to this rejoinder, on the ground that it simply set up a want of insurable interest which issue had already been raised on the third amended plea, and other pleadings, was overruled. Plaintiff then by way of sur-rejoinder set up that her right of redemption had been extended by the Southern Building & Loan Association, the *cestui que trust* in the deed of trust, and the purchaser at the foreclosure sale, and that she did have an insurable interest in the property at the time of the fire and when the policy was issued. On this sur-rejoinder defendant took issue.

The proof showed without conflict that at the time the policy was issued there was on the property a deed of trust to Joseph Martin for the benefit of the Southern Building & Loan Association which had been foreclosed and the property bought in by the *cestui que trust* to whom the trustee had made a deed. The statutory right of redemption had not expired when the policy was issued. It had expired when the property was burned. Plaintiff testified to agreements between her and the Southern Building & Loan Association extending the time for redemption. The plaintiff testified that she did not apply to Mr. Cooper, the agent, for insurance on the house. That she applied to him for insurance on her furniture; that he asked her if the house was hers, and she told him yes, but the Southern Building & Loan Association had a mortgage on it; that Cooper told her that it

[Pope v. Glenn Falls Insurance Company.]

made no difference and that he could insure it, which he did, and she accepted it, without making any formal written application; that at the time she did not know herself that the mortgage had been foreclosed.

The agent, Cooper, denied that she told him there was a mortgage on the property or that he had any information whatever on the subject. The lower court gave the general affirmative charge for defendant.

S. S. PLEASANTS, for appellant.—The demurrers to replication 5 should have been overruled.—*Pope v. Ins. Co.*, 30 So. Rep. 496; *Commercial Fire Ins. Co. v. Allen*, 80 Ala. 571; *Creed v. Sun Fire Ins. Co.*, 101 Ala. 522; *Brown v. Commercial Fire Ins. Co.*, 86 Ala. 192; 1 Wood on Fire Ins., p. 529, § 218; 2 Wood on Fire Ins., pp. 1163-4; *Phoenix Ins. Co. v. Fuller*, 40 L. R. A. 408; *Follett v. U. S. Mutual Accident Assn.*, 107 N. C. 241, 12 L. R. A. 315; *Manchester Fire Assur. Co. v. Abrams*, 89 Fed. Rep. 932; *Horsford v. Germania Fire Ins. Co.*, 127 U. S. 399.

Whatever puts a party on inquiry amounts, in judgment of law, to notice, provided the inquiry becomes a duty and would lead to knowledge of the requisite fact by the exercise of ordinary diligence and understanding.—16 Am. & Eng. Enc. of Law, (1st ed.), 790-2; *Webb v. Robbins*, 77 Ala. 176; *Commercial Fire Ins. Co. v. Allen*, 80 Ala. 576.

Whether circumstances are sufficient to charge one with knowledge is a question for the jury.

Plaintiff had an insurable interest—no legal or equitable title being necessary to an insurable interest.—1 Wood on Fire Ins., 197, 263; *Commercial Fire Ins. Co. v. Capital City Ins. Co.*, 81 Ala. 320; 13 Am. & Eng. Enc. of Law, (2d ed.), 142; *Home Ins. Co. v. Mendenhall*, 164 Ill. 458, 36 L. R. A. 374; *Wainer v. Milford Mut. Fire Ins. Co.*, 11 L. R. A. 598, and note; *Loventhal v. Home Ins. Co.*, 112 Ala. 108.

46c

COOPER & FOSTER and R. W. WALKER, *contra.*— In order to recover the insured must have an insurable interest both at the time of the insurance and at the time of loss.—*Loventhal v. Home Ins. Co.,* 112 Ala. 117.

A person can have no insurable interest where his only right arises under a contract, which he had no authority to make, or which is void or unenforcable, either at law or in equity.—2 Joyce on Ins. § 892; 1 Wood on Ins., §§ 266, 288; Ostrander on Ins. § 82; *Essex Savings Bank v. Meriden Ins. Co.,* 4 L. R. A. 759.

DOWDELL, J.—This is an action on a fire insurance policy, and the complaint is in Code form. The subsequent pleadings, consisted of pleas, replications thereto, rejoinders and surrejoinders, with the usual accompaniment of demurrers at the different stages of the pleadings. The assignments on the rulings of the court are numerous, but only the assignments relating to the rulings on demurrer to replication numbered 5, and demurrer to rejoinder numbered 3, and to the giving of the affirmative charge at the request of the defendant, are insisted on in argument. To the questions raised by these assignments of error, we confine our consideration and discussion.

It is conceded that there can be no recovery by the plaintiff, if she had no insurable interest in the property destroyed at the time of the loss, and this as a legal propositon seems to be well settled.—*Loventhal v. Home Ins. Co.,* 112 Ala. 117. This defense was set up by amended plea number 3 and issue was taken on this plea.

The ruling on the former appeal in this case, *Pope v. Glens Falls Ins. Co.,* 130 Ala. 356, 30 So. Rep. 496, was to the effect that the breach of the conditions pleaded in pleas numbered 6 and 7, would defeat a recovery unless the agent who issued the policy was informed of the truth as to the title at the time the policy was issued. Upon the second trial, the plaintiff sought to meet the defenses set up in these pleas, by averments in replication 5, that the defendant's agent "ought to have known, full well, the

true condition, character and nature of plaintiff's title and ownership of said property," etc. without averring any duty on him to obtain such knowledge; and in the absence of averment showing a duty resting upon the agent to the insured, we know of no law making it incumbent on the agent to make voluntary search of the title when its condition is not in any way called to his attention. The doctrine of implied knowledge from mere notice of facts, which if diligently inquired into and prosecuted, would lead to knowledge, is without application in a case like the one before us.

Rejoinder number 3 to replications 2 and 4, set up that plaintiff's interest when the policy was issued was the statutory right to redeem from a foreclosure sale under a deed of trust, which statutory right had expired before the loss by fire occurred. The only insistence is, that the rejoinder set up matter already raised by other issues made in the case, and for that reason ought to have been stricken. If its only effect was to make an issue already made, no injury could possibly result to the plaintiff in overruling the demurrer—if error, it was error without injury, and would therefore furnish no ground for reversal.

The issues made up, were framed on first, second and third pleas, replications two and four to pleas six and seven, rejoinder number three to replications two and four, and surrejoinders. The replies to pleas six and seven were by way of confession and avoidance. The breach of conditions as alleged in these was not denied, but to avoid the legal effect of such breach, new matter was set up in the replication to effect "that the agent was fully advised of plaintiff's interest in said property, etc., and knew the nature, kind and character of plaintiff's possession, ownership and interest in the same, and with such knowledge, and knowing of the true state of her title, issued said policy to plaintiff," etc. The only evidence offered in support of this allegation, was the testimony of plaintiff, and her statement was, that she informed the agent that the Southern Building & Loan Association had a mortgage on the property, when as a

matter of fact, at the time of her statement, the mortgage had already been foreclosed, and the Building & Loan Association was the owner of the property, and the plaintiff was merely its tenant. The allegations were wholly unsupported by the proof. The averments of the pleas being confessed, and the matter pleaded in avoidance not being supported by any proof, the affirmative charge requested by the defendant was properly given. Under the evidence the plaintiff had no insurable interest in the property at the time of the fire, and for this reason the affirmative charge was properly given for defendant as requested. All that can be made of the evidence in regard to the insurable interest claimed by the plaintiff is, that the secretary of the Building & Loan Association expressed a willingness to accept the debt due, notwithstanding the time for redemption had expired. This was no contract that the plaintiff could have enforced at law or in equity against the association. It was without consideration and rested in parol. It was void under the statute of frauds. A person can have no insurable interest where his only right arises under a contract, which is void, or unenforceable, either at law or in equity.—2 Joyce on Ins. § 892. See *Essex Savings Bank v. Meriden Ins. Co.*, 4 L. R. A. 759.

In what we have said above, we are not to be understood as intimating that a statutory right of redemption would constitute an insurable interest. This question is not involved, and we, therefore, do not decide it.

Affirmed.