JOHN W. BASSETT, APPELLEE, v. FARMERS & MERCHANTS INSURANCE COMPANY, APPELLANT.

FILED SEPTEMBER 25, 1909.   No. 15,752.

1. Insurance Contract: ENFORCEMENT. "A contract of insurance is a contract of indemnity, and any person attempting to enforce a claim under such a contract must show an interest in the subject matter of the contract." *Stanisics v. Hartford Fire Ins. Co.,* 83 Neb. 768.

2. ———: ———. In 1906 a husband by virtue of the marital relation only had no insurable interest in his wife's real estate.

APPEAL from the district court for Otoe county: 'PAUL JESSEN, JUDGE. *Reversed.*

*Wilmer B. Comstock* and *A. L. Chase,* for appellant.

*Wilmer W. Wilson, contra.*

ROOT, J.

In 1902 John W. Bassett, plaintiff herein, purchased a farm in Otoe county and procured the conveyance therefor to be made to his wife. In 1904 defendant insured plaintiff for five years against loss by fire of the dwelling house on said farm. In 1906 the house was totally destroyed by fire. Defendant denied liability upon its policy, and returned the premium received by it from plaintiff, which he retained some months, and then sent back to defendant. Defendant tenders plaintiff the amount of said premium.

1. The most important question raised by the defense is that under the facts plaintiff did not have an insurable interest in the property destroyed, and for that reason cannot recover. Without an insurable interest plaintiff ought not to prevail. *Stanisics v. Hartford Fire Ins. Co.,* 83 Neb. 768. At the time the policy was issued, excepting only her homestead, a married woman in Nebraska could dispose of her real estate without her husband's assent, and by her sole deed convey title thereto freed from his interest inchoate or otherwise therein. The farm under consideration was not a homestead. Not only may the wife thus convey her real estate, but during her lifetime the husband has no right to its possession or control, nor to any part of the rents and profits issuing therefrom. Cases may be cited to sustain the proposition that the husband's estate by the curtesy initiate is an insurable interest; but an examination of those cases will disclose that they are based upon laws giving the husband more than a mere expectancy in the wife's land. In jurisdic-

tions where the lawmaking power has completely emancipated a married woman's property from the control of her husband, the possibility that he will receive a benefit from the real estate of which she may die seized is not considered an insurable interest during her lifetime. *Clark v. Dwelling-House Ins. Co.*, 81 Me. 373; *Traders Ins. Co. v. Newman*, 120 Ind. 554; *Planters Mutual Ins. Co. v. Loyd*, 71 Ark. 292. Plaintiff argues that, if the holder of the property insured will suffer a loss by its destruction, he has an insurable interest therein. An examination of the cases cited upon that point will disclose that the assured in each instance had some substantial interest in the subject insured, an interest that would be recognized and protected by the courts. If plaintiff were enjoying the possession of a house rent free, without any contract with the owner and under such circumstances that the latter might dispossess the former any time, it would hardly be contended that he had an insurable interest in the dwelling. So far as the proof goes, plaintiff holds possession of the farm by sufferance of his wife, and not by force of any lawful or equitable right. Counsel argue that Mrs. Bassett has only a dry, naked, legal title to the farm, and that the beneficial one is in plaintiff, but the difficulty is that the proof does not sustain that assumption. Mrs. Bassett did not testify, nor has plaintiff stated that there was any arrangement between himself and wife, oral or otherwise, by which he was to have a life estate in the farm. Nor is there any proof that the deed to Mrs. Bassett does not convey the title in just such form as plaintiff desired. In *Redfield v. Holland Purchase Ins. Co*, 56 N. Y. 354, cited as in point, the wife had agreed orally that her husband should have the use during his natural life of the property conveyed to her at his instance. He was in possession of the land, and the court held that there had been complete performance by the husband of the oral agreement so as to take it out of the statute of frauds, and that he had an equitable title to the real estate. But in the case at bar the proof merely discloses that plaintiff

purchased the land and directed the vendor to convey direct to his wife, and, in conformity with his instructions, she received a warranty deed therefor. He testified that he desired her to have the land without administration if she survived him, and, should she predecease him, he would inherit from her. It may be that the facts will justify a court finding that there was an arrangement between the husband and wife, entered into before the deed was made to her, that he could have the use of the land during his lifetime, but there is no evidence in the record of those facts. Upon the proof plaintiff is in the same situation as though he had taken possession of his wife's separate property and leased it for his own benefit. The wife could oust him any time she saw fit. In the state of the record, there is a failure of proof upon a vital fact in issue. *Pope v. Glenn Falls Ins. Co.*, 136 Ala. 670.

2. For the reasons just stated, the case must be reversed, and it is not necessary to examine the defense of a forfeiture because of the alleged concealment and misrepresentations by plaintiff concerning the title, nor to go into the alleged fact that defendant's agent was cognizant of the facts when he solicited the insurance and took plaintiff's application therefor. The agent did not testify in the case, and it may be doubted whether proof of his statements and admissions made subsequent to taking the aplication will bind defendant. Furthermore, the court would be greatly assisted in a solution of the differences between the parties upon this point if it were made clear whether or not, when Mr. Butt, defendant's agent, acted as an intermediary between Mrs. Bassett's vendor and herself, he was then defendant's agent, and whether or not at the time he took plaintiff's application he had in mind the facts incident to the transfer of said title, and, if so, whether by oversight or otherwise he failed to correctly fill out the application.

There is not a scintilla of evidence to indicate that the fire was of incendiary origin, and we dislike very much to reverse the judgment before us, but the failure of proof

referred to is clear and our duty imperative. The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.

REESE, C. J., absent and not sitting.