# John Deere Plow Company *v.* City Hardware Company.

## *Detinue.*

(Decided February 8, 1912.   57 South. 766.)

1. *Sales; Contracts; Construction.*—All the provisions of a contract of sale must be construed together.

2. *Same; Title and Possession.*—The clause printed on the back and the clause printed on the face of the contract considered and it is held that the clause on the face of the contract modified the clause printed on the back of the contract, and together they constituted an agreement that the goods sold under the contract were to remain in the possession of the buyer until October 1, 1910, at which time the seller was to elect whether it would receive the buyer's note for them, or have them shipped back to it; hence, until the happening of that event or that time the seller had no right to sue for their possession.

3. *Same; Conditional Sales; Recovery; Contract.*—Where the action was detinue to recover goods delivered by plaintiff to defendant under a contract reserving title in plaintiff to the goods until payment of the price, and defendant by its pleas admitted that the goods were sold under such contract, but set up certain provisions of the contract, limiting operation of the clause reserving title, it was not necessary that defendant, in its rejoinder, should deny the contract or deny that the goods were sold thereunder.

4. *Pleading; Demurrer; Rejoinder.*—The fact that a rejoinder contains the same defense set up in the plea does not render it subject to demurrer.

5. *Same; Demurrer; Identity of Contract.*—The question whether the clause of a contract pleaded is an exact copy of the clause in the contract cannot be inquired into on demurrer.

APPEAL from Talladega City Court.

Heard before Hon. A. H. ALSTON.

Detinue by the John Deere Plow Company against the City Hardware Company to recover certain goods sold under a conditional contract.   Judgment for defendant and plaintiff appeals.   Affirmed.

LAPSLEY & ARNOLD, and WHITSON & HARRISON, for appellant.   The court erred in overruling plaintiff's de-

murrer to defendant's rejoinder No. 2. Counsel indulge in argument to show this is true, but cite no authority in support of their argument.

KNOX, ACKER, DIXON & STERNE, and CECIL BROWNE, for appellee. There was no error in overruling demurrers to the rejoinder as it is necessary to sustain an action of detinue that the plaintiff have a general or specific interest in the property, or right of possession at the time the action was commenced.—*Bank v. Barnes,* 82 Ala. 60. The fact that the rejoinder set up the same defense as the pleas did not render it subject to demurrer.—*Hightower v. Ogletree,* 114 Ala. 94; *Pope v. Glenn Falls I. Co.,* 136 Ala. 670.

SIMPSON, J.—This is an action of detinue, by the appellant against the appellee, for the recovery of certain agricultural implements mentioned in the complaint.

The defendant filed a number of pleas, among other things describing the conditional contracts under which the goods were bought, and claiming that the defendant had complied with the conditions of said contracts, and that the articles named therein had become vested in the defendant, freed from the claim of title reserved therein by the plaintiff.

The plaintiff filed a number of replications attaching thereto copies of the three contracts of sale, and claiming that the plaintiff is entitled to demand and recover the articles named therein under article 7, which is identical in all of the contracts, being among the conditions of sale printed on the back of the contract and in words and figures as follows, to-wit: "It is also agreed that the title to, and ownership of and the right to the immediate and exclusive possession, upon demand

either oral or written, to all goods which may be
shipped as therein provided, or during the current sea-
son, shall remain in, and their proceeds in case of sale
shall be the property of, said plow company, and sub-
ject to its order until full payment shall have been made
for the same by the undersigned in money; but nothing
in this clause will release the undersigned from making
payment as herein agreed."

There were a number of rejoinders, but the only con-
tention of the appellant is that the court erred in over-
ruling plaintiff's demurrer to the second rejoinder,
which rejoinder is in words and figures as follows, to
wit: "For further rejoinder the defendant alleges that
the plaintiff sold the chattels sued for to defendant un-
der a contract providing that all such goods as should
be sold for cash by defendant were to be paid for in
cash on the first of each month following their sale, and
that all such goods sold by defendant in any period be-
tween inventory dates were to be settled for by the note
of defendant due at the regular maturity dates of the
purchase price for said goods, and that all notes taken
by defendant on such sales were to be indorsed by de-
fendant and sent to the plaintiff as collateral, and that
said notes were to be recorded by the plaintiff and re-
turned to the defendant for collection, and that the
plaintiff would, at the end of each such period, check
up all cash remitted and credit the defendant with cer-
tain cash discounts, and that all such goods in the
hands of defendant furnished under said contract on
hand and unsold on October 1, 1910, that were in mer-
chantable condition should belong to the plaintiff, and
were, at plaintiff's option, to be settled for by the de-
fendant's note due one year later than the terms of such
contract, or should be delivered to the plaintiff f. o. b.
cars Anniston, Ala.; and defendant alleges that this

suit was brought prior to the 1st day of October, 1910, and before, by the terms of said contract of sale, said goods which were so sold defendant by plaintiff should become the property of or belong to the plaintiff."

The brief of appellant admits that said rejoinder correctly sets out one of the provisions of one of the contracts of sale attached as Exhibit D to the replications; and states that "the essential question sought to be presented by plaintiff's demurrer to defendant's rejoinder No. 2 is the construction of clause 7 which is contained in all of the contracts on which plaintiff bases his right of recovery."

This seems to be a correct statement of the gist of the controversy, and it must be admitted that, according to a literal interpretation of said clause 7, standing alone, it would seem that the plaintiff reserved the right to demand and recover the goods at any time, without regard to whether the defendant was complying with its part of the contract or not, but it must be connected with the other provisions of the contract, which is a contract of sale, and it is evidently a reservation for the security of the plaintiff against any failure of the defendant to comply, on its part, with the stipulations of the contract; and, considering the fact that this clause is printed upon the back of the contract, and the clause set out in said rejoinder No. 2 is written upon the face of one of the contracts, said last-named clause must be considered as a modification of clause 7 as to the goods purchased under said contract. This is evident, not only because all clauses of a contract must be construed together, but because of the fact that the parties wrote this clause in the face of the contract, while the other is evidently a part of a printed form, indorsed on the back. Without inquiring whether or not said clause is an exact copy of a clause in the contract of

[John Deere Plow Company v. City Hardware Company.]

sale (which cannot be inquired into on demurrer), the provisions, as set out, show that the agreement between the parties was that the goods sold under that contract were to remain in the possession of the defendant until October 1, 1910, at which time the plaintiff was to elect whether it would receive a 12 months' note for the same, or have them shipped back to it.

There is a great deal of unnecessary and prolix pleading in this case, and the demurrers to this rejoinder are, in the main, mere general demurrers. In so far as they allege that the rejoinder contains the same defense set up in the pleas, it is not subject to the demurrer.—*Hightower v. Ogletree,* 114 Ala. 94, 21 South. 934; *Pope v. Glenn Falls Ins. Co.,* 136 Ala. 670-675, 34 South. 29; *Continental Fire Ins. Co. v. Brooks,* 131 Ala. 614, 30 South. 876.

It was not necessary to deny the contracts or that the goods were sold thereunder, for the reason that the defendant was claiming that they were sold under said contracts, had so claimed in its pleas, and was by this rejoinder merely specially setting up one of the provisions of said contract as the ground of defense. The construction given to the contract shows that it does allege certain terms of the contract which do operate as a waiver of the right to sue during the operation of the special provisions.

So, without deciding whether said rejoinder might not have been subject to other possible causes of demurrer, it is not subject to the causes alleged and insisted upon.

The judgment of the court is affirmed.

Affirmed. All the Justices concur.