ÆTNA LIFE INSURANCE COMPANY, APPELLEE AND CROSS-APPELLANT, V. NATIONAL UNION FIRE INSURANCE COMPANY, APPELLEE; EBENEZER D. HARRIS, APPELLANT.

FILED JUNE 5, 1915. No. 18141.

1. **Jury: RIGHT TO JURY TRIAL: ACTION ON INSURANCE POLICY.** Where, in an action by a mortgagee against a fire insurance company based upon a mortgage clause in the policy, the insurer pleads fraud on the part of the mortgagor in procuring the insurance, but offers to pay the mortgagee the amount due under the mortgage clause, which is sufficient to satisfy the mortgage debt, upon condition that it be subrogated to the mortgage, and where to a cross-petition filed by the mortgagor, who seeks to enforce the policy, the insurer pleads that the policy is invalid for the same reason, the question whether the policy is valid should be first determined, and upon that issue it is error to refuse the mortgagor a jury trial.

2. **Insurance: FRAUD: SUBROGATION.** Where in such a case the defense of fraud in procuring the insurance is established, and the insurer has paid the full amount of the mortgage to the mortgagee, it may be subrogated to the rights of the mortgagee in the mortgage; otherwise the insurer is not entitled to subrogation.

3. ———: **ACTION ON POLICY: ATTORNEY'S FEES.** If in such case the insured recover upon the policy, he will be entitled to a reasonable attorney's fee to be taxed as costs; but if the defense of fraud is established, and the recovery is by the mortgagee alone upon the independent contract in the mortgage clause, and the evidence shows that no attorneys were employed by the mortgagee, and that it has incurred no liability in that respect, it is not erroneous to refuse to allow the mortgagee attorney's fees.

APPEAL from the district court for Lancaster county: ALBERT J. CORNISH, JUDGE. *Reversed with directions.*

*Mockett & Peterson,* for appellant.

*Stewart, Williams & Brown, A. G. Wolfenbarger* and *C. Petrus Peterson,* contra.

LETTON, J.

This action was brought by the Ætna Life Insurance Company against the National Union Fire Insurance Company and Ebenezer D. Harris. Harris was the owner of a house on which a policy of insurance for $1,500 had been issued by the National Union Fire Insurance Company, hereinafter termed the insurer. He had borrowed from the Ætna Life Insurance Company, hereinafter termed the mortgagee, $1,500. A mortgage clause was attached to the policy in the usual form, providing that, in case of loss, the policy was payable to the mortgagee "as its mortgaged interest may appear." The house burned down, and the insurer refused to pay the loss on the ground that the policy was obtained by fraud and misrepresentation.

This suit was brought by the mortgagee on the policy, making Harris a party defendant, alleging that he claimed the surplus due over the mortgage debt and refused to be made a plaintiff, and asking judgment for the amount due upon the mortgage and a reasonable attorney's fee. An amended answer was filed by the insurer, pleading fraud and misrepresentation in the procurement of the policy, that Harris is the real party in interest, and offering to pay the mortgage debt upon condition that the mortgagee would assign the mortgage to it. A demurrer to the defense of fraud and misrepresentation was sustained by the court. Harris filed an answer and cross-petition, asking practically the same relief as the mortgagee, and denying the allegations of fraud and misrepresentation. The insurer brought the amount of the mortgage debt into court, and tendered it to the mortgagee on condition that it be subrogated to its rights under the mortgage. On motion of the insurer, and over the objections of the other parties, the cause was transferred from the law docket to the equity docket. Harris then filed a motion demanding a

jury trial of the issues between him and the insurer, for the reason that the pleadings between them raised no equitable issues. Plaintiff also requested a jury trial. These requests were refused, and the trial proceeded to the court without a jury. The court found that the mortgagee was entitled to recover from the insurer the amount of the mortgage debt tendered to it, to wit, $1,531.32; that upon the payment of that amount the insurer was entitled to be subrogated to the mortgage. On the issues between the insurer and Harris, no specific findings as to fraud or breach of warranties were made, but it was found that the action of Harris should be dismissed. Decree was entered accordingly. Motions for new trial were filed by Harris and the mortgagee, which were overruled, and they have appealed.

Harris assigns as ground of reversal that the court erred in transferring the case as between him and the insurer from the law docket to the equity docket, and in denying him a jury trial of the issues therein involved.

The mortgagee filed a cross-appeal, assigning as error that the district court erred in refusing to allow it a reasonable sum as attorney's fees to be taxed as costs upon rendering judgment against the insurer upon the policy.

Two questions, therefore, are presented: First. Was Harris entitled as of right to a jury trial upon the question whether or not he procured the policy by fraud and misrepresentation? Second. Is the plaintiff entitled to an attorney's fee?. Under former decisions of this court the demurrer of the mortgagee to the answer setting up fraud and misrepresentation on the part of Harris was properly sustained. *Oakland Home Ins. Co. v. Bank of Commerce,* 47 Neb. 717; *Hanover Fire Ins. Co. v. Bohn,* 48 Neb. 743. This being so, it was entitled to a judgment upon the pleadings for the amount of the mortgage debt. Such a judgment, however, would not exhaust the amount due upon the policy, nor could it determine the right of the insurer to subrogation. Whether the right of subrogation existed depended upon whether or not the policy had been procured by fraud, because, if not so procured, the payment

of the debt from the proceeds of the policy canceled and discharged the mortgage as fully as if paid by Harris himself, and left nothing to which the insurer could be subrogated. The controversy between Harris and the insurer concerned the whole amount due upon the policy, which exceeded by more than $100 the amount due upon the mortgage debt. Nothing in the issues raised between the two companies could in anywise affect his right to this surplus, unless it was established that the policy was fraudulently procured. Since the evidence was not conclusive as to the fact of fraud, Harris was entitled to a jury trial of this issue, uncomplicated with any controversy between the insurer and mortgagee. The proper procedure would have been to try the issues between Harris and the insurer to a jury first of all. If the jury found on those issues that the policy was void, then the insurer would be entitled to the benefit of the mortgage by subrogation, having been compelled to pay it by its independent contract contained in the mortgage clause of the policy. On the other hand, if the jury found that the policy was valid, no right to subrogation existed, and Harris was entitled to a judgment for the difference between the face of the policy and the amount paid upon the mortgage debt. It was unnecessary for a court of equity to concern itself with the question of subrogation until the legal questions between Harris and the insurer had been determined by a jury adversely to him. *Shenehon v. Illinois Life Ins. Co.*, 100 Ill. App. 281; *Des Moines Life Ins. Co. v. Seifert*, 210 Ill. 157.

Upon the cross-appeal seeking for the allowance of attorney's fees, the contention of the insurer is that the evidence shows that, while the action was ostensibly brought in the name of the mortgagee, it was, in fact, brought for the benefit of Harris, and upon an agreement to hold the mortgagee harmless for any fees, costs or expenses incurred in the litigation, and therefore, having incurred no liability therefor, it is not entitled to recover attorney fees.

If the policy is held not to have been wrongfully procured, Harris is entitled to prove and recover a reasonable

fee for the services of his counsel in this action, measured by the whole amount payable thereon. If the policy is valid as to him, the recovery by the mortgagee is, in fact, one by him *pro tanto,* since it pays his debt. If it should be determined that Harris is not entitled to recover, then no attorney's fee should be allowed the mortgagee. Since it expended nothing for attorney's fees, it should receive nothing.

The judgment of the district court is therefore reversed, with directions to permit a jury trial of the issues between Harris and the National Union Fire Insurance Company as to fraud, misrepresentations, and breach of warranties in the procurement of the policy. If the jury find for the defendant upon that issue, subrogation should be allowed under the equity power of the court; but, if it is determined that the policy is valid, then the right of subrogation should be denied.

REVERSED.

HAMER, J., not sitting.