CECIL WRIEDT, APPELLEE, V. DONALD BECKENHAUER ET AL., APPELLEES, NORFOLK MUTUAL INSURANCE COMPANY, INTERVENER-APPELLANT.

159 N. W. 2d 822

Filed June 21, 1968. No. 36874.

Hutton, Hutton & Garden, for intervener-appellant.

Addison & Addison, for appellee Wriedt.

McDermott & McDermott, for appellees Beckenhauer et al.

Heard before, WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

NEWTON, J.

This is an action brought by Cecil Wriedt, plaintiff, against Don Beckenhauer, Roy Day, and John H. Mohr, defendants, to recover $3,610.72 paid to defendants by Norfolk Mutual Insurance Company, intervener, on an insured fire loss. Plaintiff obtained judgment in the district court and intervener appeals.

Defendants were the owners of a tract of land in the county of Wayne, Nebraska. They insured the improvements thereon against fire as evidenced by a policy issued by intervener expiring February 12, 1971, with premium paid to February 12, 1967. The house was covered by insurance, in the sum of $8,000. An option to purchase the premises for $16,000 was obtained by plaintiff on March 15, 1966, and exercised on April 15, 1966. The sale was closed on June 30, 1966, at which time plaintiff received a warranty deed conveying the property to him and a mortgage back was executed and delivered by plaintiff and his wife to defendant Beckenhauer. The, mortgage was for $12,000.

Defendants were permitted to retain temporary possession of the house and during their occupancy, on August 11, 1966, a fire occurred as a result of which the house was partially damaged. Intervener's local agent was notified of the loss. He, in turn, notified the home office of intervener and a director of the company called on defendants. The policy of insurance had not been assigned to plaintiff, nor did he at any time request such an assignment, and although he had inquired of defendants as to insurance carried, he had indicated his intention to obtain other insurance. No other insurance was obtained and plaintiff now contends that he relied on defendant Beckenhauer's statement that

the property was adequately insured until August 15, 1966. The mortgage contained the usual printed provision requiring the mortgagor to maintain insurance on the mortgaged property, but was not filled out to specify the amount to be carried.

Intervener was not notified of the change of title and the execution of the mortgage until after the fire. At that time the local agent and the director who adjusted the loss were fully informed of the transfer of the property and instructed defendants to file a proof of loss. This was done and the sum in dispute was promptly remitted to defendants, who divided the money equally, and subsequently paid it into court. The policy of insurance does not contain the standard provision voiding the policy on a change of title to the insured property without insurer's knowledge and consent. Defendants have not cross-appealed. The only issue to be resolved pertains to the respective rights of plaintiff and intervener to the sum in dispute.

It is apparent that defendants Roy Day and John H. Mohr, having conveyed their entire interest in the property, did not have an insurable interest in the property, and were not entitled to collect on the policy issued by intervener. Also, that defendant Don Beckenhauer, by virtue of the mortgage, retained an insurable interest and the right to recover. "In the absence of a provision in the policy to the contrary, a change of title to the property insured, in whole or in part, does not avoid the policy if at the time of a loss the insured has an insurable interest, but an alienation of the insured property will end the policy as to the insured if he retains no further interest in the property." 29A Am. Jur., Insurance, § 825, p. 59. "* * * in general it may be said in marine insurance as well as in other property insurance that an insurable interest must exist when the policy is issued and when a loss occurs, although interest at the time of loss need not be identical with that existing at the time of the issuance of the

policy, and while an insurable interest at the time of the issuance of the policy and at the time of loss is essential, it need not exist in the interim, in the absence of a definite provision in the policy." 29 Am. Jur., Insurance, § 439, p. 783. See, also, Bassett v. Farmers & Merchants Ins. Co., 85 Neb. 85, 122 N. W. 703.

As noted above, the insurance was secured by defendants, who paid the premium therefor, for their own protection; the policy was not assigned; and defendant Beckenhauer being the only one retaining an insurable interest was the only one entitled to recover on the policy. Plaintiff had not requested an assignment of the policy nor had he offered to pay that proportion of the premium attributable to the unexpired term the policy was to run. The amount the mortgagee might require the mortgagor to insure the property for was left blank in the mortgage, which indicates that plaintiff was not intending or intended to acquire any interest in the policy held by the mortgagee Beckenhauer. In addition, Beckenhauer testified that he had not insisted on the mortgagor carrying insurance because he thought his security was ample. We must necessarily conclude that the insurance carried by defendant Beckenhauer was in the nature of separate insurance carried for his protection only, and that plaintiff mortgagor had no interest therein, and no right to have the insurance paid credited on the mortgage. "As the mortgagor and mortgagee each has an insurable interest in the mortgaged property, insurance taken by one on his own interest and in his own favor alone does not inure to the benefit of the other. * * * where the mortgagee procures insurance on his separate interest, for his own benefit and at his own cost, and without any agreement with the mortgagor with respect thereto, the mortgagee is entitled to the proceeds, the mortgagor having no interest therein." 46 C. J. S., Insurance, § 1146, p. 26. See, also, Ponder v. Gibson-Homans Co., 166 Ark. 591,

266 S. W. 682; Le Doux v. Dettmering, 316 Ill. App. 98, 43 N. E. 2d 862.

"If the insurer has no liability to the mortgagor, the proceeds of insurance on the mortgaged property, when paid to the mortgagee, need not be applied in reduction of the mortgage debt." 59 C. J. S., Mortgages, § 328, p. 453.

In view of the foregoing, it is clear that plaintiff has no interest in or right to the insurance proceeds. They are the property of the mortgagee Beckenhauer, but since the only interest of Beckenhauer was, in essence, the insuring of his mortgage security, he has an insurable interest only to the extent of the amount owing under the mortgage. If this indebtedness is reduced, the mortgagee's interest is reduced in like measure. As to him, the insurance contract is a contract of indemnity. In the event of a loss by fire of the insured property, or a part thereof, the mortgagee is entitled to be compensated by his insurance, but if the mortgage indebtedness is subsequently paid in full, he has not sustained a security loss and insurer is entitled to recover the insurance paid. "If the mortgagee, or one in like position, is the party insured and the policy is written so as to cover his interest only, insurer, on payment to the mortgagee, becomes subrogated pro tanto to the rights of the mortgagee against the mortgagor, even though the policy contains no subrogation clause purporting to give such right to insurer; * * *." 46 C. J. S., Insurance, § 1213, p. 183. See, also, Aetna Life Ins. Co. v. National Union Fire Ins. Co., 98 Neb. 446, 153 N. W. 553, L. R. A. 1916A 784; Le Doux v. Dettmering, supra.

It appearing that the money in dispute is the property of the defendant Beckenhauer and that intervener is entitled to subrogation pro tanto, or in other words, to a proportionate interest in said defendant's mortgage, subject to defendant's right to recover fully his investment therein, it is necessary that this judgment be reversed and the cause remanded.

Plaintiff urges that since the defendant Beckenhauer has not cross-appealed, no relief may be granted him. Generally speaking, this position is correct. However, in the present instance, this court does have jurisdiction of all parties to the original action and the relief prayed for by intervener is so inextricably interwoven with the rights of said defendant, it necessarily presents the entire matter for review.

REVERSED AND REMANDED.