SAIF SAYAH ET AL., APPELLANTS, V. METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY, A RHODE ISLAND CORPORATION, APPELLEE.

733 N.W.2d 192

Filed June 8, 2007.    No. S-06-162.

Stanley D. Cohen, of Law Office of Stan Cohen, for appellants.

Dean J. Sitzmann and Renee Eveland, of Wolfe, Snowden, Hurd, Luers & Ahl, L.L.P., for appellee.

HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

CONNOLLY, J.

The appellants, Saif Sayah and his parents, Ali Sayah and Fadhila Haddad, sued Metropolitan Property and Casualty Insurance Company (Metropolitan). Metropolitan denied the appellants' claims for physical damage involving a Jeep owned by Saif. The district court granted Metropolitan's motion for summary judgment. It found that the physical damage portion of the policy covered only automobiles owned by Ali and Fadhila. In addition, the court found that Ali and Fadhila did not have an insurable interest in Saif's automobile and that the policy did not cover Saif's automobile for physical damage because he was not a named insured. We affirm because (1) Saif did not have a contract of insurance for physical damage with Metropolitan and (2) Ali and Fadhila did not have an insurable interest in Saif's Jeep.

## BACKGROUND

Saif purchased a 1999 Jeep Grand Cherokee Laredo. After he bought the Jeep, Saif spent $5,000 on wheels, tires, and spinners. Ali and Fadhila purchased an insurance policy with Metropolitan that covered the Jeep and two other vehicles. The policy listed Ali and Fadhila as the named insured and household drivers, but

it listed Saif only as a household driver. The policy did not cover a household driver for physical damage.

The police found Saif's stolen Jeep burned, on blocks, and with its wheels, tires, and spinners missing. Metropolitan initially denied the claim because of "inconsistencies in the facts of the loss reported by [Saif] with the physical evidence [they] have gathered." Metropolitan later denied the claim, asserting that Ali and Fadhila did not have an insurable interest in the Jeep.

The appellants sued Metropolitan, claiming $22,950 in damages. In his affidavit, Ali averred that he sometimes drove Saif's Jeep; that he gave Saif money to help make payments for the Jeep; that he notified his insurance agent he wanted Saif's wheels, tires, and spinners added to the policy; and that when the Jeep was stolen, Saif lived at home. Neither Ali nor Fadhila, however, had a security interest in the Jeep, and their names were not on the Jeep's title.

Metropolitan moved for summary judgment because Saif was the sole owner of the Jeep and Ali and Fadhila had no insurable interest. The district court granted Metropolitan's motion for summary judgment, finding the physical damage part of the policy covered only automobiles owned by Ali and Fadhila. The court also found that Ali and Fadhila did not have an insurable interest in Saif's Jeep and that Saif was not a named insured. The court found the appellants did not have a cause of action and that Metropolitan was entitled to judgment as a matter of law.

## ASSIGNMENTS OF ERROR

The appellants assign that the district court erred in granting Metropolitan's motion for summary judgment.

## STANDARD OF REVIEW

■ The interpretation of an insurance policy is a question of law. In reviewing questions of law, we resolve the question independently of the lower court's conclusion.[1]

---

[1] See *Peterson v. Ohio Casualty Group*, 272 Neb. 700, 724 N.W.2d 765 (2006).

█ In reviewing a summary judgment, we view the evidence in the light most favorable to the party against whom the judgment was granted and give such party the benefit of all reasonable inferences deducible from the evidence.[2]

## ANALYSIS

### Saif Had No Insurance Policy With Metropolitan for Physical Damage

█ Saif alleges he had a valid claim for physical damage and that Metropolitan wrongly denied it. An insurance policy is a contract, and its terms provide the scope of the policy's coverage. When we review an insurance policy, we construe the policy as any other contract to give effect to the parties' intentions when the writing was made. When the terms of a contract are clear, they are to be accorded their plain and ordinary meaning.[3]

Here, the policy's plain language shows that Metropolitan did not insure Saif's Jeep for physical damage. Ali and Fadhila were the only named insureds on the policy. The policy's physical damage coverage only insured vehicles owned by them. In contrast, the policy named Saif as a household driver. Under the policy, household drivers had different rights than named insureds. As a household driver, the policy provided Saif with liability coverage, but it did not provide his Jeep with physical damage coverage.

Metropolitan had a right to limit its liability by including limitations in the policy. The only named insureds on the policy were Ali and Fadhila, and the contract for physical damage was with only them. The policy did not cover Saif's Jeep for physical damage, and Metropolitan was under no duty to pay Saif for a claim not covered by the policy.

### Ali and Fadhila Do Not Have an Insurable Interest in Saif's Jeep

Ali and Fadhila claim that the policy obligated Metropolitan to pay for the physical damage claim because they had had an

---

[2] *Geddes v. York County, ante* p. 271, 729 N.W.2d 661 (2007).

[3] *Olson v. Le Mars Mut. Ins. Co.*, 269 Neb. 800, 696 N.W.2d 453 (2005).

insurable interest in the Jeep. Ali and Fadhila argue that they had an insurable interest in the Jeep because they paid for the Jeep's insurance, Ali occasionally used the Jeep, and Metropolitan issued the policy with the understanding that the family would be using the Jeep.

■ But a claimant under an insurance contract must show an interest in the contract that would be recognized and protected by the courts.[4] An insurable interest is "every interest in property or any relation thereto, or liability in respect thereof, of such a nature that a contemplated peril might directly damnify the insured."[5]

■ Section 44-375 provides: "[w]hen the name of the party intended to be insured is specified in a policy, such insurance can be applied only to his own proper interest." Under Nebraska law, to have an insurable interest, the claimant must have some legally enforceable right that would be recognized and enforced in the property at issue.[6] Neither family use of property nor the family relationship alone gives automatic rise to an insurable property interest.[7] A parent has no legal recourse in an adult child's property simply by being a parent, without some other legally enforceable right. Nor does Nebraska law recognize Ali's occasional use of Saif's Jeep as a legal interest. When no legally enforceable interest exists, no insurable interest exists.[8] Without having had an insurable interest in the property

---

[4] Neb. Rev. Stat. § 44-375 (Reissue 2004); *Wriedt v. Beckenhauer*, 183 Neb. 311, 159 N.W.2d 822 (1968); *Bassett v. Farmers & Merchants Ins. Co.*, 85 Neb. 85, 122 N.W. 703 (1909).

[5] Neb. Rev. Stat. § 44-103(13)(a) (Reissue 2004).

[6] See *id.* See, also, *Tri-Par Investments v. Sousa*, 268 Neb. 119, 680 N.W.2d 190 (2004); *Jindra v. Clayton*, 247 Neb. 597, 529 N.W.2d 523 (1995); *Design Data Corp. v. Maryland Cas. Co.*, 243 Neb. 945, 503 N.W.2d 552 (1993); *Howard v. State Farm Mut. Auto. Ins. Co.*, 242 Neb. 624, 496 N.W.2d 862 (1993); *Wriedt v. Beckenhauer, supra* note 4; *Krug Park Amusement Co. v. New York Underwriters Ins. Co.*, 129 Neb. 239, 261 N.W. 364 (1935); *Bassett v. Farmers & Merchants Ins. Co., supra* note 4.

[7] See *Bassett v. Farmers & Merchants Ins. Co., supra* note 4.

[8] § 44-375; *Wriedt v. Beckenhauer, supra* note 4; *Bassett v. Farmers & Merchants Ins. Co., supra* note 4.

sought to be covered, Ali and Fadhila did not have property insurance on Saif's Jeep.

## THE DOCTRINE OF MENDING ONE'S HOLD
## DOES NOT APPLY

Metropolitan initially denied the appellants' claim because it was based on "inconsistencies in the facts of the loss reported by [Saif] with the physical evidence [they] have gathered." Metropolitan later denied the claim, asserting that Ali and Fadhila did not have an insurable interest in the Jeep.

The appellants argue that Metropolitan cannot raise the insurable interest defense because of the doctrine of mending one's hold. The appellants cite this court's opinion in *Howard v. State Farm Mut. Auto. Ins. Co.* that " 'it has long been the rule in this state that an insurer which gives one reason for its conduct and decision as to a matter of controversy cannot, after litigation has begun, defend upon another and different ground.' "[9]

In *Design Data Corp.*, however, we refined the doctrine:

> While the rule as to "mending one's hold" *may* be alive and well as to conditions of forfeiture, generally it has no application to matters relating to coverage, and estoppel cannot be invoked to expand the scope of coverage of an insurance contract absent a showing of detrimental good faith reliance upon statements or conduct of the party against whom estoppel is invoked which reasonably led an insured to believe coverage was present.[10]

The appellants did not suffer detrimental reliance when Metropolitan asserted the insurable interest defense because the appellants had notice that Metropolitan could assert the defense. First, the insurance policy addressed the insurable interest issue. The policy provides no coverage if an insured does not have an insurable interest in the covered automobile. Second, Metropolitan expressly reserved the right to assert additional defenses in its denial letter. The appellants, therefore, had

---

[9] *Howard v. State Farm Mut. Auto. Ins. Co., supra* note 6, 242 Neb. at 637, 496 N.W.2d at 870.

[10] *Design Data Corp. v. Maryland Cas. Co., supra* note 6, 243 Neb. at 957, 503 N.W.2d at 560.

notice that Metropolitan reserved the right to assert additional defenses. The district court properly found that Metropolitan was not estopped from asserting its insurable interest defense.

## CONCLUSION

We conclude that Metropolitan was under no duty to pay for the property stolen from Saif's Jeep because Saif had no insurance policy with Metropolitan for physical damage and Ali and Fadhila had no insurable interest in Saif's Jeep. Also, the district court properly found that Metropolitan was not estopped from asserting its insurable interest defense. We, therefore, affirm the district court's decision to grant Metropolitan's motion for summary judgment.

AFFIRMED.