26250.   KUHL *v.* GENERAL AMERICAN LIFE INSURANCE CO.

DECIDED SEPTEMBER 23, 1937.

*Sapp & Barnes,* for plaintiff.

*Hull, Barrett & Willingham, Little, Powell, Reid & Goldstein, Quincey & Quincey,* for defendant.

FELTON, J.   Mrs. Maggie E. Kuhl brought a suit in two counts against the General American Life Insurance Company. In the first count she sought to recover on the facts alleged, that a policy of insurance was issued to her husband by the International Life Insurance Company, in which policy she was named beneficiary. Subsequently, on August 25, 1928, the Missouri State Life Insur-

ance Company assumed the obligations of the International Life Insurance Company. On September 7, 1933, the defendant acquired all the assets of the Missouri State Life Insurance Company, and entered into a contract by which it assumed the obligations of the Missouri State Life Insurance Company, including the policy on the life of the husband of the petitioner. Up to April 28, 1931, the premiums due on the policy were paid. On April 28, 1931, the annual premium fell due and was not paid; whereupon the Missouri State Life Insurance Company used the value of the policy to purchase extended-term insurance to October 6, 1934. The basis for recovery against the defendant was the assumption agreement which reads as follows: "This certificate forms a part of your policy, and should be attached thereto, together with a copy of the purchase agreement previously sent you. Certificate of assumption: Policy No. LN 141266. Policyholder's name—Armondo A. Kuhl, Douglas, Ga. Computed initial lien $25.00. Lien applied to reduce period of extended insurance. Extended insurance expires March 19, 1934. This is to certify that General American Life Insurance Company, Home Office, St. Louis, hereby assumes and agrees to carry out the obligations of Missouri State Life Insurance Company of St. Louis, Missouri, under the policy bearing the above number, subject to the provisions of the purchase agreement between R. Emet O'Malley, superintendent of the Insurance Department of the State of Missouri, and General American Life Insurance Company, dated September 7, 1933, and provided said policy was in full force and effect as an obligation of Missouri State Life Insurance Company on August 28, 1933, or reinstated under the provisions of the purchase agreement. In witness whereof, General American Life Insurance Company has executed this certificate and caused its corporate seal to be attached at its Home Office in St. Louis, Missouri, this seventh day of September A. D. 1933."

Copies of the order of the judge of the circuit court of the City of St. Louis, authorizing a purchase agreement between the superintendent of the Insurance Department of Missouri, and of the purchase agreement, were attached to and made a part of the first count. It was contended by the plaintiff in the first count, (1) that a copy of the purchase agreement mentioned in the defendant's assumption certificate was not mailed to the insured, in the

absence of which he was not notified that the lien against his policy was applied to reduce the extended term applicable to the policy; (2) that the assumption certificate was ambiguous in that it was uncertain whether it meant that the computed initial lien of $25 might be applied to reduce extended insurance to expire March 19, 1934, under which construction there would be no reduction in the face of the policy, or whether it meant that the computed lien of $25 would act as a reduction of the face of the policy to the extent of the lien and would not be applied to reduce the period of extended insurance, and that the latter construction, most favorable to the insured, should be applied; and (3) that under the terms of the policy and purchase agreement the assumption certificate should have provided extended insurance to March 23, 1934, instead of March 19, 1934, and that the mistake of the four days operated as a waiver of the tender of the amount of the lien and a denial of the right of the insured to pay off the lien and get the benefit of the full term of the extended insurance which extended beyond the time of his death, whereas his death occurred on September 28, 1934, which was before the date fixed in the policy as the end of the extended term. In the second count it was sought to set up the liability of the defendant on the basis of its assumption certificate alone, without attaching a copy of the purchase agreement, and treating the extended term stated therein as nugatory as not being a part of the body of the certificate. Judgment was prayed for the full face value of the policy, interest, attorney's fees, and damages. This briefly states the case. Additional facts alleged and shown by exhibits will be disclosed in the opinion.

1. The allegations of the petition affirmatively show that the Missouri State Life Insurance Company was adjudicated insolvent by the courts of Missouri. Nothing else appearing, this fact would leave to the insured one recourse, namely, an action against the company for a breach of contract. The executory contracts are automatically canceled. 6 Couch on Insurance, 5069, § 1431; 8 Couch on Insurance, 6668, § 2042; 14 R. C. L. 853, § 20; 32 C. J. 1039, § 102; *Fuller* v. *Wright,* 147 *Ga.* 70 (92 S. E. 873, L. R. A. 1917E, 1139); *Todd* v. *German American Insurance Co.,* 2 *Ga. App.* 789 (59 S. E. 94).

2. If the plaintiff has any right to sue the defendant at all, the

suit must be based on its assumption certificate. It is alleged that this certificate was tendered and accepted by the insured. The insured could not accept part of the certificate and reject others and must be deemed to have accepted it according to its terms. The acceptance of this certificate by the insured bound him to the terms of the purchase agreement referred to therein, whether a copy was mailed to him or not. There is no allegation that any effort was made to obtain a copy of the agreement, and the insured was at liberty to refuse to accept the certificate if a copy of the purchase agreement was withheld from him. The insured having retained the certificate in silence, his beneficiary will not now be heard to contend that the certificate and the purchase agreement did not constitute the agreement between the insured and the defendant. The certificate specifically conveyed the information to the insured that there was an initial lien on his policy, that the amount of it was $25, that this lien had been paid off by a reduction in the extended insurance term, and that the extended insurance expired on March 19, 1934.

3. Even if there was a mistake of four days in the extended-insurance term, the mistake was waived by the acceptance of the certificate without inquiry or objection. Furthermore, no advantage could be had on account of the mistake without first reforming the assumption certificate in equity, in the absence of any tender of premium or lien payment.

4. There was no ambiguity in the assumption certificate. There is nothing in it to remotely suggest that the insured had the right to pay off the lien in money and get the benefit of the full extended-insurance term provided in his policy. On the other hand it clearly and definitely imparts the information that the lien has been paid by a reduction of the term. The acceptance of this certificate precluded the right to pay off a lien which was already paid, and thereby write an entirely new and different contract, which was never contemplated, and which was not intended by the purchase agreement which provided that the liens on policies which were not being kept up by premium payments should be paid as above stated.

5. It appears from the allegations of the second count that the assumption certificate was subject to the terms of the purchase agreement. A copy of the purchase agreement being attached to

428

the petition, and showing no right of action in plaintiff, the second count set forth no cause of action. The general demurrers to both counts of the petition were properly sustained.

*Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*